RAINSFORD v. TEMPLE.

(Common Pleas of New York City and County, General Term. April 10, 1893.)

SUPPLEMENTARY PROCEEDINGS—RESTRAINING TRANSFERS.

Under Code Civil Proc. § 2451, providing for the issuance of an injunction order restraining any person from "making or suffering any transfer or other disposition of or interference with the property of the judgment debtor, or the property or debt concerning which any person is required to attend and be examined, until further direction in the premises," applies only to property or debts in existence at the time of the issuance of the order, and any property subsequently acquired may be disposed of while the order is in force.

Appeal from city court, general term.

Action by Rosa E. Rainsford against Thomas J. Temple. From an order of the general term of the city court (21 N. Y. Supp. 1039) affirming an order of the special term adjudging defendant guilty of contempt in disobeying the injunction contained in an order for his examination in supplementary proceedings, he appeals. Modified.

Argued before DALY, C. J., and BISCHOFF and PRYOR, JJ.

James H. Averill, for appellant.

Forster & Speir, (Henry A. Forster, of counsel,) for respondent.

DALY, C. J. This appeal brings up the question whether a judgment debtor, who has been served with an injunction order in supplementary proceedings, may dispose of subsequently acquired property while the injunction order is in force. It is not claimed that the money received by the defendant after the service of the order had been previously earned by him, but the decision is sought to be upheld on the broad ground that after the service of the ordinary injunction in supplementary proceedings the judgment debtor can make no disposition of money subsequently earned or borrowed or received as agent, while the injunction remains in force. This contention is made for the first time. It has been invariably held that the injunction relates only to property of the judgment debtor existing at the time of the service of the order. See cases cited under sec-

tions 2447 and 2457 of the Code of Civil Procedure. The difference in the language of the enactments of the former Code (section 298) and the Code of Civil Procedure (section 2451) has not, so far as our attention has been called to any case, been held to authorize an injunction against the disposition of property not in existence when the order is made. On the contrary, the city court, in a case arising under the present Code, has decided that the injunction does not extend to property acquired or money earned after the date of the order in supplementary proceedings. Sandford v. Goodwin, 20 Civil Proc. R. 276, note. The case of Newell v. Cutler, 19 Hun, 74, cited to sustain the decision appealed from, was plainly that of a judgment debtor using wages earned before the order was served, but collected afterwards,—a case in harmony with the current of decisions which held such earnings subject to the order. The former Code provided:

"The judge may also by order forbid a transfer or other disposition of the property of the judgment debtor, not exempt from execution, and any interference therewith."

The present Code provides:

"The judge * * * may make an injunction order, restraining any person or corporation, whether a party or not a party to the special proceeding, from making or suffering any transfer or other disposition of or interference with the property of the judgment debtor or the property or debt concerning which any person is required to attend and be examined, until further direction in the premises."

It is contended, under the latter provision, that the authority to restrain the transfer of the property or debt concerning which any person is required to attend and be examined is intended to cover after-acquired property. The words fail to convey such meaning. They rather seem to have reference to specific property or debts then in existence, and not such as may be created after the order. It is claimed, however, in support of the order, that the case shows that the judgment debtor disposed of a certain balance which stood to his credit in the bank at the time the order was served upon him, April 6, 1892. This balance was $51.30. But there were outstanding at the time of the service of the order two of his checks, previously drawn, in March, aggregating $40. There is nothing to show that the judgment debtor knew that these checks had not been presented by April 8th, on which day he deposited $50 (earned subsequent to the service of the order) and drew out $42.50. It is not contradicted that this draft was upon the last deposit, and was not an attempt to appropriate the $51.30 left in the bank to meet the checks previously drawn, and so no charge of contempt can be maintained on that account. There was left, however, a small balance of $11.30 unappropriated by previous checks, which was subject to the injunction order, and which he subsequently drew out, in disobedience to it. This was the extent of the contempt, and the order finding him guilty of disposing of $778.60, and fining him that sum, is erroneous, and must be modified.

Order appealed from modified by reducing the fine to $11.30 and costs of supplementary proceedings, and, as so modified, affirmed, without costs of appeal in this court or in the city court to either party. All concur.