\13:√ ᵤ ᶳ

SULLIVAN v. UNITED STATES GAS FIXTURE CO. OF CITY OF NEW YORK.

(Supreme Court, Appellate Division, Second Department.   November 19, 1909.)

1. EXECUTION (§ 417*)—VIOLATION OF ORDER OF COURT—NATURE OF ORDER—CONTEMPT.

An order in proceedings supplementary to execution, forbidding a trans-- fer or disposition of any property belonging to the judgment debtor, did not restrain the transfer of a bond and mortgage held as security for the debt of the judgment defendant, and the pledgee, by making such transfer, was not guilty of contempt.

[Ed. Note.—For other cases, see Execution, Cent. Dig. §§ 1197–1200; Dec. Dig. § 417.*]

2. EXECUTION (§ 410*)—ORDER IN SUPPLEMENTARY PROCEEDINGS.

An order in supplementary proceedings, forbidding sale or disposition of any property belonging to the judgment debtor, is superseded by a subsequent order appointing a receiver for such debtor.

[Ed. Note.—For other cases, see Execution, Dec. Dig. § 410.*] ·

3. EXECUTION (§ 417*)—VIOLATION OF ORDER.

An order was made directing the pledgee of a bond and mortgage to deliver the same to a receiver of the debtor, upon paying the sum due the pledgee, and the latter delivered them to its attorney, who held them for two weeks, during which time he was ready to comply with the order; but, on being informed by the judgment creditor's attorney that he did not intend to take any further steps in the matter, the bond and mortgage were transferred to a third person. Held, that neither the pledgee nor its attorney was guilty of contempt.

[Ed. Note.—For other cases, see Execution, Cent. Dig. §§ 1197–1200; Dec. Dig. § 417.*]

Appeal from Special Term, Kings County.

Contempt proceedings against the United States Gas Fixture Company of the City of New York for disobeying certain orders of court. From an order adjudging defendant guilty, it appeals. Reversed.

This is an appeal from an order entered July 9, 1909, adjudging the appellant guilty of contempt of court for willfully disobeying two orders—one, an order in supplementary proceedings instituted by Meyer Shapiro as judgment creditor against the defendant Smith & Spector Company, judgment debtor, made March 22, 1902, requiring the appellant to appear for examination in said proceeding, and forbidding it "to transfer or make or suffer any other disposition of any property belonging to said judgment debtor not exempt by law from execution, or in any manner to interfere therewith, until further order in the premises"; the other, an order made May 11, 1909, directing the appellant, upon the payment to it of the sum of $870, with interest from the 1st day of February, 1909, to deliver a certain bond and mortgage, together with an assignment thereof, to Francis J. Sullivan, as receiver.

Argued before WOODWARD, JENKS, BURR, RICH, and MILLER, JJ.

J. A. Seidman, for appellant.
Francis J. Sullivan, pro se.

MILLER, J.   It appeared that the judgment debtor had, prior to the institution of the supplementary proceedings, assigned a bond and mortgage for $2,800, owned by it, to the appellant to secure the pay-

ment of an indebtedness of $870, with interest from February 1, 1909. Information to that effect was furnished to the judgment creditor by Mr. Seidman, the appellant's attorney, on the 12th day of April, 1909, together with an offer to surrender the same upon the payment of said indebtedness. On the 23d of April, 1909, an order was made in the supplementary proceeding appointing Francis J. Sullivan receiver of the property of the judgment debtor. Said order contained no restraining order. It is not claimed that the order of May 11th was ever served on the appellant. The motion papers upon which it was granted were, however, served on Mr. Seidman, and the judgment creditor's attorney says that he mailed to Mr. Seidman a copy of the order, with notice of entry thereof, on May 13th, which Mr. Seidman denies receiving. On the 19th day of May, 1909, pursuant to an order of the court, the receiver sold said bond and mortgage at public sale.

There is no proof that the appellant or its attorney had notice of such sale, or that any tender of the moneys due the appellant was made to it, or that any demand was made upon it for the assignment of said bond and mortgage prior to June 1, 1909. It appears without dispute that, for the purpose of assigning the mortgage to the receiver, Mr. Seidman procured from his client an assignment thereof in blank on the 3d day of May, 1909, which he retained until May 24, 1909, when upon the payment of the amount due his client he authorized the delivery of the said bond and mortgage and assignment to one Gustave Wacht, who was also a creditor of said judgment debtor. Because of that the appellant has been adjudged in contempt. After the appointment of the receiver, it was discovered that there was an apparent lien on the premises covered by the mortgage, prior thereto; and the delay of the receiver in tendering the money due the appellant and demanding the assignment of the bond and mortgage was evidently due to the fact that the judgment creditor did not wish to pay the amount of the appellant's debt without first removing said lien. There is no dispute that, up to May 24th, Mr. Seidman was at all times ready to deliver said bond, mortgage, and assignment upon the payment of the amount due his client, that he so informed the receiver and the attorney of the judgment creditor, and that he even undertook to assist the latter in his attempt to straighten out the record, giving him all the information he possessed tending to show that the said prior lien was only apparent. He states in his affidavit that he did not authorize the delivery of the bond, mortgage, and assignment to Mr. Wacht until he was informed by the attorney of the judgment creditor that the latter would not take the assignment, or take further steps in the matter unless some deduction was made. That statement is not contradicted.

The order of March 22d did not restrain the appellant from transferring or disposing of its own property. The appellant had the legal title to the bond and mortgage as security for its debt. That title and only that could it assign. It could not transfer the interest of the judgment debtor, and its assignee would take only such interest as it had. The transfer of its interest, therefore, was not a transfer or

other disposition of any property of the judgment debtor. Moreover, said order was superseded by the order appointing the receiver. People ex rel. Morris v. Randall, 73 N. Y. 416. It is plain, therefore, that the appellant could not be punished for violating said order of March 22d.

I shall assume for the purposes of this decision that Mr. Seidman had notice of the order of May 11th, that notice to him was notice to his client, and that the client could be punished for contempt for his act committed without its knowledge or direction. It would seem, however, that, if a contempt were committed, the attorney, not the client, should have been punished. But I do not think that the attorney disobeyed the order of May 11th. That order, as I have said, directed the delivery of the bond and mortgage, together with the assignment thereof, to the receiver upon the payment of the sum of $870, with interest; and it is undisputed that at any time from May 11th to 24th the receiver could have obtained the bond and mortgage upon paying said sum. It is very evident that the judgment creditor did not wish to pay that sum without first having the prior lien discharged of record. The order required the delivery of the assignment. That the attorney was willing to make. Being ready and willing to comply with the order, the receiver could not compel him to hold the bond and mortgage indefinitely, and the order did not require him to do so. In the face of the undisputed statement that he did not assign it until informed by the judgment creditor's attorney that he intended to take no further steps in the matter, he could not be punished for contempt.

The order should be reversed, with $10 costs and disbursements, and the motion denied, with costs. All concur.