In the Matter of Proving the Last Will and Testament of ROSANNA HIGGINS, Deceased. MICHAEL DOOLEY, JR., One of the Executors Named in the Joint Last Will of THOMAS F. HIGGINS and ROSANNA HIGGINS, Deceased, Appellant; MARGARET A. CLINTON and THOMAS J. FEENEY, Named as Executors, etc., in the Will of ROSANNA HIGGINS, Deceased, Respondents.*— Order of the Surrogate's Court of Queens county denying motion to dismiss amended petition or for alternative relief affirmed, with ten dollars costs and disbursements, payable out of the estate. (*Matter of Lally*, 210 App. Div. 757.) Lazansky, P. J., Young, Scudder, Tompkins and Davis, JJ., concur. [148 Misc. 30.]

In the Matter of Supplementary Proceedings: CLARA MANDELBAUM, Respondent, v. LENA DANZIGER, Appellant.— Order dated January 18, 1933, confirming referee's report and holding judgment debtor in contempt of court and fining her therefor, reversed on the law and the facts, with ten dollars costs and disbursements, the motion denied and proceeding dismissed, without costs. (1) The transaction of October 28, 1931, in reference to the lease and discontinuance of the foreclosure action, concerned after-acquired property which does not come within the injunction order of Strong, J., of April 16, 1930. (*McGivney* v. *Childs*, 41 Hun, 607; *Rainsford* v. *Temple*, 3 Misc. 294.) (2) When the transaction of that date occurred, the receiver had not qualified by the proper filing of his bond, which did not occur until October 4, 1932; therefore, the judgment debtor did not interfere with the rights of the receiver in respect of the property. (*Manufacturers Trust Co.* v. *Sadenet Realty, Inc.*, 234 App. Div. 893.) (3) The complained of transaction did not result in the judgment debtor receiving any moneys and, therefore, she may not be fairly held to have transferred property in violation of the order of April 16, 1930. (4) The inaction of the judgment creditor, or the receiver, following the order of April 16, 1930, up to the date of the transaction complained of, and up to the date of the institution of these contempt proceedings, indicated an abandonment of the original supplementary proceedings in which the order of April 16, 1930, was made which abandonment was further emphasized by the institution of new supplementary proceedings on October 4, 1932, and, therefore, the restraining provision in the April 16, 1930, order may not be utilized as the basis for a contempt proceeding herein. (*Meyers* v. *Herbert*, 64 Hun, 200.) (5) The order of March 14, 1930, was superseded by the order of April 16, 1930. (*Sullivan* v. *United States Gas Fixture Co.*, 134 App. Div. 658.) Appeal from order dated April 6, 1933, denying motion for reargument, dismissed, without costs, as such order is not appealable. Kapper, Hagarty, Carswell and Davis, JJ., concur; Lazansky, P. J., concurs in result.

In the Matter of the Petition of THOMAS F. COUNIHAN, as Executor, etc., of ANNA E. COUNIHAN, Deceased, Appellant, to Compel ROBERT T. WHALEN, as Executor, etc., of JOHN L. WHALEN, Deceased, Respondent, to File an Inter- • mediate Account of His Proceedings.— Decree of the Surrogate's Court of Kings county unanimously affirmed, without costs. No opinion. Present — Lazansky, P. J., Kapper, Hagarty, Carswell and Davis, JJ.