In the Matter of the Application of PEARL ANN SLAGLE, Appellant, to Fix the Attorney's Lien of DAVID PARIS, Attorney, Respondent.— Order appealed from modified by reducing the respondent's lien to twenty per cent of all moneys recovered by or to be payable to appellant Slagle by way of suit, settlement or otherwise, arising out of the actions of *Slagle* v. *Burden* and *Slagle* v. *New Amsterdam Casualty Company*, plus fourteen dollars and seventy-five cents disbursements by respondent in these actions, and by striking from said order all other allowances for alleged disbursements and advances to the appellant. As so modified, the order is affirmed, without costs. In our opinion, the respondent is not entitled to a charging lien in the above-named actions for professional services rendered in the matrimonial action of *Slagle* v. *Slagle*, and his lien is limited to the reasonable value of his services in the actions against Sheriff Burden and the New Amsterdam Casualty Company, the reasonable value of which, in our opinion, is twenty per cent of any recovery the plaintiff in those actions may have. The record does not show that the respondent made disbursements in those actions in excess of fourteen dollars and seventy-five cents, and the respondent is not entitled to a lien for moneys alleged to have been advanced and loaned by him to the appellant. Lazansky, P. J., Young, Kapper, Carswell and Tompkins, JJ., concur.

In the Matter of Supplementary Proceedings: STANDARD OIL COMPANY OF NEW YORK, INC., Respondent, v. LOUIS BARBER and ANTHONY T. COCCOLA, Copartners Doing Business under the Firm Name and Style of "BARBER & COCÇOLA," Appellants.— Order granting reargument of motion to punish appellants for contempt, and holding them, upon such reargument, in contempt, reversed on the law and the facts, with ten dollars costs and disbursements, and motion denied. The record does not establish a violation of the order of April 13, 1933, in the disposition of the proceeds of the check received on May 6, 1933. Nothing indicates that that money could have been received at all by the appellants until after the close of the month of April, and it was, therefore, after-acquired property not under the restraint of the order of April thirteenth. (*Mandelbaum* v. *Danziger*, 240 App. Div. 860; *McGivney* v. *Childs*, 41 Hun, 607; *Potter* v. *Low*, 16 How. Pr. 549; *Rainsford* v. *Temple*, 3 Misc. 294; *Protter* v. *Lovell*, 91 id. 417.) Lazansky, P. J., Young, Kapper, Carswell and Tompkins, JJ., concur.

STANLEY KALINOWSKI, an Infant under the Age of Fourteen Years, by ALBERT KALINOWSKI, His Guardian ad Litem, and ALBERT KALINOWSKI, Respondents, v. HARDING TIP TOP WET WASH LAUNDRY, INC., and GIUSEPPE INTERNICOLA, Appellants.— Judgment unanimously affirmed, with costs. No opinion. Present — Lazansky, P. J., Young, Kapper, Carswell and Davis, JJ.

EMIL KARDELL, Respondent, Appellant, v. MARC EIDLITZ & SON, INC., Appellant, Respondent, and PIETROWSKI & KONOP COMPANY, Defendant.— Order vacating order of preclusion affirmed, without costs. No opinion. Plaintiff to serve bill of particulars within ten days from the entry of the order herein. Lazansky, P. J., Young, Kapper, Carswell and Tompkins, JJ., concur.

WILHELMINA R. KENDRICK, Appellant, v. PROGRESSIVE GROCERY STORES, INC., Respondent.— Judgment and order reversed on the law and the facts and a new trial granted, costs to abide the event, on the ground that the verdict is clearly inadequate. Lazansky, P. J., Young, Kapper, Carswell and Davis, JJ., concur.