RESOURCE HOLDING CORPORATION, Judgment Creditor, *v.* LOUIS FRIEDMAN, Judgment Debtor.

Supreme Court, Special Term, Kings County, August 5, 1943.

*Newman & Bisco* for judgment creditor.

*Nathaniel Kaplan* for judgment debtor.

WALSH, J. This is a motion to punish the judgment debtor for contempt of court. The judgment upon which the proceeding is based was recovered on January 20, 1933, in the sum of $9,009.98, no part of which has been paid except the sum of $335.17.

By order of this court dated November 12, 1940, a receiver was appointed of the property of the aforementioned judgment debtor. The order appointing the receiver contained the following provision: " Ordered, that said judgment debtor, its agents, servants and attorneys, and all others, are forbidden from making or suffering a transfer or other disposition of or interference with the property of the judgment debtor, or in which he is in any wise interested, except in obedience hereto, until further direction in the premises; * * *."

By order of September 1, 1942, the judgment debtor was directed to appear for examination in supplementary proceedings on September 24, 1942. He was served with a copy of the order on September 7, 1942. His examination was concluded on January 14, 1943. From his examination it appears that on August 6, 1942, he received the sum of $1,800 from his sister, Beatrice Horowitz, for an assignment of his share in the estate of his father, Abraham Friedman, who died intestate prior to August 6, 1942. The judgment debtor also received the sum of $250 sometime during the latter part of August, 1942, from Mildred Friedman, his daughter-in-law, for his interest in the estate of Diane Friedman. It appears that Diane Friedman, mother of the judgment debtor, died intestate approximately ten or eleven years ago. On his examination the judgment debtor testified that he spent all the moneys received, a total of $2,050, in the month of August, 1942. It certainly appears that the judgment debtor was trying to dispose of the windfall as fast as he could before the creditor caught up with him.

Obviously, the judgment debtor was guilty of contempt in assigning his interest in the estate of his mother to his daughter-in-law for $250, inasmuch as that interest was acquired prior to the order appointing the receiver. (See *Wynkoop* v. *Myers*, 7 N. Y. S. 898.) He had been adjudged in contempt on this same debt in 1941 (262 App. Div. 879).

As to the assignment made by the judgment debtor of his interest in his father's estate for the sum of $1,800, that represents an assignment of an interest in property acquired after the date of the order appointing the receiver.

It is to be noted that the injunctive provision contained in the aforementioned order makes no reference to after-acquired property, and the adjudicated cases all hold that such a provision only affects property held by the judgment debtor at the time of the making of the order. (*Rainsford* v. *Temple*, 3 Misc. 294; *Mandelbaum* v. *Danziger*, 240 App. Div. 860.)

It is well established that proceedings in contempt are *stricti juris*. (*Goldie* v. *Goldie*, 77 App. Div. 12, 14.)

While it is true, as urged by the judgment creditor, that section 807 of the Civil Practice Act states that the property of the judgment debtor whether acquired before or after the appointment of the receiver is vested in the receiver, in the absence of a specific provision in the order restraining the transfer of such after-acquired property the judgment debtor cannot be held in contempt for making such transfer. Research fails to disclose any recent case which holds that section 807 of the Civil Practice Act, in and of itself, may be deemed a basis upon which to predicate a finding that the judgment debtor was in contempt in making the assignment in question.

The judgment creditor's application is granted. The judgment debtor is adjudged in contempt and fined the sum of $250. He may purge himself by paying the sum of $100 in fifteen days and $10 per week thereafter. Commitment will issue on default. The motion is otherwise denied.