NEW YORK COUNTY.—HON. RASTUS S. RANSOM, SURROGATE.—August, 1888.

### MATTER OF KEEP.

*In the matter of the application for revocation of probate of the will of* CHARLES A. KEEP, *deceased.*

An ante-nuptial agreement to execute mutual wills, is not irrevocable, and does not prevent the execution of testamentary papers entirely variant from, or repugnant to it.

Any interest that arises from such an agreement attaches to the estate of the decedent as an equitable lien or trust, enforceable in a court of equity, and not by petition to revoke the will.

PETITION by Mary T. Keep, widow, to revoke probate of husband's will on account of ante-nuptial agreement. The facts are stated in the opinion.

JOHN VINCENT, *for* MARY T. KEEP, *petitioner.*

HAWKSWORTH & RANKIN, *for* MARGARET B. KEEP, *executrix.*

THE SURROGATE.—The only ground upon which

the petitioner relies to maintain her petition to revoke the probate of the paper heretofore admitted to probate as the will of the decedent is the alleged existence of a previous will, claimed to have been made by him simultaneously with one executed by petitioner, in pursuance of an ante-nuptial agreement between them to execute mutual wills. The existence of such previous will, it is urged, made it, under the circumstances irrevocable, and disabled the testator from making any subsequent testamentary instrument. In disposing of this matter it is unnecessary to inquire whether or not the allegations of the petitioner respecting this alleged prior will, or her relationship to the decedent at the time of his decease, are true or not. Assuming them to be as she states, and that such a will as she described was, under the circumstances alleged by her, executed by the decedent, such will did not thereby become as a will irrevocable, or prevent him from afterwards executing a testamentary paper entirely variant from, or repugnant to it. Ex parte Day, 1 *Bradf.* 476 ; Schumaker v. Schmidt, 44 *Ala.* 454 ; 4 *Amer. Rep.* 135 ; Hopper v. Reed, *Daily Register,* October 26, 1887. Any interest that the petitioner might have acquired by this instrument, under which she claims, is to be regarded, in view of the execution of the subsequent will, as resulting from a compact or agreement between the parties, and attaches to the estate of the decedent as an equitable lien or trust enforceable in a court of equity, but is not such an interest as will enable her to maintain this proceeding. Ex parte Day, *supra ;* Schumaker v. Schmidt, *supra ;* Parsell v. Stryker, 41

*N. Y.* 480 ; Giles v. De Talleyrand, 1 *Dem.* 100–102 ;
Hopper v. Reed, *supra.*   The petition is dismissed.