### *In re* GLOUCESTER'S ESTATE.

#### (*Surrogate's Court, Kings County.* July, 1890.)

SURROGATE'S COURT—JURISDICTION—CONTRACT TO MAKE WILL.
   Where a testator makes a will in pursuance of a contract to do so, and afterwards makes another will revoking the first, the later paper will be admitted to probate, since the surrogate's court has no jurisdiction to deal with contracts. The remedy of the beneficiaries under the first will is by suit in equity.

Proceedings for the probate of the will of James M. Gloucester, deceased.
   *Williamson & Reynolds*, (*J. Hampden Dougherty*, of counsel,) for William M. Martin.   *T. McCants Stewart*, for George M. Rice.   *Charles H. Smith*, for C. N. Gloucester.   *James C. Church*, special guardian.

ABBOTT, S.   James N. Gloucester died on March 21, 1890, leaving a last will and testament, bearing date February 20, 1890.   In this will the revocatory clause is full and complete: "I  *  *  *  declare this to be my last will and testament, hereby revoking and annulling all former and other wills by me at any time heretofore made."   This will was offered for probate, and, on objections filed, proceeded to trial.   I am convinced from the evidence offered that it was the will of a free, unrestrained, and competent testator, and that all the statutory formalities were complied with in its execution.   Elizabeth A. Gloucester, the wife of this testator, died in 1883, leaving a last will and testament, in and by which she directs that one-seventh part of her estate be held in trust for her husband, and that her trustee should invest the same, and pay over to him the interest or income arising therefrom during his natural life, and to pay over the said seventh part, the accrued interest, income, and accumulations, if any, unto such person or persons as he shall by his last will and testament direct, giving and granting unto him full power and authority to give, devise, and bequeath, and dispose of said seventh part by his last will and testament as he shall desire and see fit.   On the 4th day of October, 1883, the testator entered into a contract with his children in and by which he agreed to withdraw all opposition to the probate of the will of his wife, and agreed to make his irrevocable will, giving his share in the estate of his wife, over which he had the power of disposition and appointment by

her will, in equal shares to his children.   In accordance with this agreement, and on the same day, the testator executed with due formality a will, of which the following is a summary:  "Whereas, I have entered into a contract with my children in which I have agreed to make a last will and testament which shall be irrevocable,  *   *   *   now I do give, devise, limit, and appoint all my share of said estate unto the following named children."   No executor is named.   Subsequently to the execution of this will one of the children of the testator assigned his interest for a valuable consideration, and this assignee now contends that the first or so-called "irrevocable" will shall be admitted to probate concurrently with the second or last will.   Under the authorities, if the first will was made for a valuable consideration, its provisions may be enforceable against his estate as a binding contract in a court of equity.   So far as it can be deemed to be a last will and testament, it has been revoked, in express terms, by the testator in his last will, and therefore has no longer any legal existence as a last will and testament.   This court has no jurisdiction to deal with contracts.   Let decree enter admitting last will to probate.