In the Matter of Proving the Last Will and Testament of MARY HERMANN, Formerly Known as MARY GOETZ, Deceased.

KATE LUDWIG and CHRISTOPHER HERMANN, Appellants; GEORGE HERMANN, Respondent.

Second Department, May 18, 1917.

Surrogate — jurisdiction on probate of will — equitable jurisdiction — Code of Civil Procedure, sections 2510 and 2614, construed — effect of amendments of 1914 relating to Surrogates' Courts — effect of prior joint will — jurisdiction of surrogate to consider or act upon prior joint will or contract — duty of surrogate to admit last will to probate — jurisdiction to vacate or set aside decree — petition.

It is the duty of a surrogate to admit to probate the will of a decedent last executed in point of time, if the testator was competent to make it, and it was executed in conformity with the requirements of the statute, and

it is not within his power to pass upon the question of whether the decedent had the right to execute such will because of a previous agreement to the contrary. If such an agreement exists, that fact and its legal results can only be determined by the Supreme Court in a suit in equity, and the manner of determination is not to admit a former will to probate, although such former will is the result of a contract between the testator and a third party governing the testamentary disposition of their property, but to sustain the contract if established by clear and convincing testimony and supported by an adequate consideration and compel its performance by the heirs of the decedent or otherwise grant adequate relief. This rule has not been changed by section 2510 of the Code of Civil Procedure as amended in 1914.

The words " competent " and " restraint," as used in section 2614, providing that " If it appears to the surrogate that the will was duly executed; and that the testator, at the time of executing it, was in all respects competent to make a will and not under restraint; it must be admitted to probate as a will valid," have no reference to conditions caused by or arising from the prior execution of a joint will or contract, but refer and are limited to mental competency and restraint exercised upon a testator at the time of the preparation and execution of the will offered for probate.

The general phrases of section 2510 of the Code of Civil Procedure by which equitable jurisdiction is given to surrogates are limited to its exercise in cases (1) when the question acted upon is " necessary to be determined in order to make a full, equitable and complete disposition of the matter " being considered and upon which they are called to act in determining the presented questions; and (2) in the manner prescribed by statute.

Now, as before the enactment of section 2510, surrogates must admit to probate the last will of a decedent proven to their satisfaction to comply with the provisions and requirements of section 2614, and any contract for a different disposition of the property of the testator must, if enforcible, be established in and enforced by a suit in equity in the Supreme Court against the heirs, devisees and legatees of the testator.

Hence, in a proceeding for the probate of a will, the surrogate has no jurisdiction to consider or act upon a prior joint will which had been revoked by express provisions in the later one sought to be probated.

The mere fact of the joint will having been executed does not constitute it an irrevocable contract restraining the decedent from executing another and later will, changing the disposition made of her estate.

So far as Surrogates' Courts are concerned, there are no irrevocable wills.

Subdivision 6 of section 2490 of the Code of Civil Procedure contains the only authority possessed by surrogates to open, vacate or set aside a decree granted and entered in their courts and to grant a new trial or hearing. The exercise of such power must be based upon the existence of fraud, newly-discovered evidence, clerical error " or other sufficient cause."

Petition to vacate and to set aside a decree admitting a will to probate *held* not to aver the existence of either of the grounds to which the power of the surrogate to act is limited, and not to excuse the petitioner's default.

SEPARATE APPEALS by Kate Ludwig and another from a decree of the Surrogate's Court of the county of Queens, entered in the office of said Surrogate's Court on the 23d day of May, 1916, denying probate to the instrument dated the 10th day of July, 1914, and offered as the last will and testament of Mary Hermann, deceased. Also appeals by said parties from a decree entered in the office of said Surrogate's Court on the 11th day of July, 1916, admitting to probate an instrument dated the 20th day of September, 1895, as the last will and testament of Mary Hermann, deceased, with notice of a decision to bring up for review an order of said Surrogate's Court entered therein on the 21st day of October, 1915, vacating and setting aside a prior decree admitting to probate the instrument dated the 10th day of July, 1914, and permitting the respondent to file objections to the probate thereof.

The decedent and one Christopher Goetz were married on July 6, 1873, and the appellants are the issue of that union. Sometime later Mrs. Goetz and her husband separated, and she and the respondent began living together as husband and wife. Later, in 1890, they were married, but the marriage was void because the decedent had a husband living, from whom she had not been divorced. On September 30, 1895, the decedent and the respondent executed a joint will, in which she is described as his wife, by the provisions of which there was devised and bequeathed to the survivor " all and any real and personal property either owned by us jointly or severally for his or her own use and benefit forever." On July 10, 1914, the decedent. executed a last will and testament in and by which she bequeathed to two granddaughters several articles of personal property, and bequeathed and devised all the rest, residue and remainder of her estate to her children, the appellants, and appointed a nephew, John F. Klein, sole executor. In the 6th subdivision of this will she says: " The reason I do not make any bequest to my dear husband George Hermann is that he has ample means of his own and for no other reason." The 8th subdivision is: " Hereby revoking all other and former Wills heretofore made by me, I again declare this and only this as my Last Will and Testament."

The surrogate found that the respondent did not know

of the making of this last will and did not consent to a revocation of the joint will of 1895. Both wills were drawn and witnessed by one Hugo Cohn, who could not be found when the proceedings for probate were pending, and his testimony was dispensed with. The testatrix died on May 10, 1915, and shortly thereafter said Klein petitioned the Surrogate's Court for the probate of the will of 1914, and the respondent executed a waiver of the issuance and service of a citation and consented that the same be admitted to probate. Until later, learning that the decedent's husband, Goetz, was still living and that the respondent was not her husband, Klein returned this waiver and consent to the respondent and caused a citation to be issued, returnable June 15, 1915, which was personally served on the respondent on June 3, 1915. He made no appearance and filed no objections, and on the return of said citation the will of 1914 was admitted to probate and on June twenty-second letters testamentary issued to Klein. On August ninth, following, the respondent presented to the Surrogate's Court a petition in which he set forth that substantially all of the estate left by the deceased was his actual and lawful property, purchased with his individual money; that after her death he first learned that he was not her legal husband; that at the time of executing the will of 1914 the testatrix was seriously ill and was unduly influenced in the making of the same by her son and daughter, the appellants; that she never informed him of her intention to execute such will; that he never consented thereto or had knowledge thereof and never consented to a revocation of the joint will; that the will of 1914 was not the last will and testament of the testatrix; that after her death he " was greatly grieved, distressed in mind and body, and did not have knowledge of some of the facts heretofore set forth, and had no knowledge of the legal meaning of the said alleged Last Will and Testament, and could not have ascertained some of the facts heretofore set forth prior to the probate of said instrument purporting to be a will and testament, with due diligence, and could not have learned other facts because of his said condition," and he asked for an order restraining Klein as executor from collecting or paying over money except to conserve the interests of the estate and for an order to show cause why the probate

of said will should not be vacated and set aside and leave given him to file objections to the probate thereof. An order was accordingly granted, directed to Klein, the appellants, John C. Goetz, the husband, and the legatees under said will, requiring them to appear in said court on September 14, 1915, and show cause why the probate of said will should not be vacated and set aside and why the respondent should not be permitted to file objections to the probate thereof, and in the meantime they were restrained from paying out or disposing of any money or property in their possession, belonging to the estate, except to conserve the interests thereof. On the return of the order to show cause, an order was granted vacating and setting aside said probate and permitting the respondent to file the following objections:

" *First.* That the said instrument is not the Last Will and Testament of Mary Hermann, formerly known as Mary Goetz, deceased.

" *Second.* That the said Last Will was not duly executed as required by law.

" *Third.* That the said Mary Hermann, formerly known as Mary Goetz, was not at the time of the making of said alleged will capable of making a will.

" *Fourth.* That the said Mary Hermann, formerly known as Mary Goetz, was not at the time of the making of said alleged will legally capable of making a will and was restrained therefrom by reason of her having entered into a joint and mutual will with said George Hermann, known as the last will and testament of George Hermann and Mary Hermann, his wife, and drawn and duly executed by both parties at her request, which said Last Will and Testament has never been revoked and is dated the 30th day of September, 1895. That the said George Hermann has never consented to the revocation of the said joint and mutual Last Will and Testament entered into between him and the deceased, Mary Hermann, formerly known as Mary Goetz and was never consulted with reference thereto, and has had no knowledge of the existence of the alleged Last Will and Testament of Mary Hermann, formerly known as Mary Goetz, offered for probate until same was exhibited to him subsequent to her death, and was never consulted in reference thereto."

Objection was made by the proponent that the surrogate had no jurisdiction to hear and determine the question raised by the fourth objection. Such objection was overruled and the surrogate assumed jurisdiction, as he says, " both legal and equitable, to hear and determine all of the questions raised by the objections." He found that the will of 1914 was made and duly executed by the testatrix; that she was capable of making a will; that both wills were executed in full compliance with the statutory requirements, and refused probate to the will of 1914 and admitted to probate the joint will for the reasons that at the time of the execution of the will of 1914 the testatrix " was not legally capable or competent to make a will, in that she was restricted and restrained therefrom by reason of having entered into a joint and mutual will with contestant George Hermann, which said joint and mutual will was dated September 30th, 1895, and was a good and valid contract and made for a valuable consideration and has never been revoked or revocation thereof consented to by contestant George Hermann."

*Charles L. Hoffman* [*Henry A. Friedman* with him on the brief], for the appellant Ludwig.

*Howard C. Taylor,* for the appellant Hermann.

*Meier Steinbrink* [*Sydney Rosenthal* with him on the brief], for the respondent.

RICH, J.:

The conclusions of the learned surrogate are based upon the provisions of section 2510 of the Code of Civil Procedure. In his opinion assuming jurisdiction, he sayd: " I am convinced that under section 2510 the surrogate has full power to determine all legal and equitable questions submitted to it regarding the probate of wills. Section 2510 provides that the surrogate has full, complete and equitable power and subdivision 1 further states ' to admit wills to probate.' Section 2614 provides that before admitting a will to probate, the surrogate must inquire particularly into all the facts and circumstances and further must determine that the testator at the time of executing it was in all respects com-

petent to make a will and not under restraint.  *  *  *
It would seem, therefore, that the surrogate has full power
both equitable and legal to inquire into the facts and cir-
cumstances in such a case as the one at bar." In the con-
clusion as to the extent of his equitable powers and jurisdic-
tion, the learned surrogate was in error. The disposition of
this appeal is controlled by the decision of this court in *Matter
of Holzworth* (166 App. Div. 150; 215 N. Y. 700), in which
the equitable powers of Surrogates' Courts under the pro-
visions of section 2510 of the Code of Civil Procedure were
considered, and we reached a conclusion adverse to that
held by the surrogate. In that case the question was whether,
under the provisions of section 2510, full equity jurisdiction
was given to Surrogates' Courts to determine all questions
legal and equitable upon the facts presented to them.
Mr. Justice CARR, writing for the court, after quoting the
provisions of the section referred to, says: " But this legis-
lative declaration is followed immediately by language as
follows: ' And in the cases and in the manner prescribed by
statute ' [then follows a quotation of the third and fourth
subdivisions]. As I understand the law of statutory con-
struction, all general phrases in a statute must yield to a
particular specification contained in the same statute. As
to the subdivisions of section 2510, just quoted, the cases
and the manner in which the surrogate may exercise his
equitable jurisdiction are specified particularly. Where there
is such a specification, it must exercise its jurisdiction in
accordance with the specification. Its general equitable
power must yield to the statutory restrictions upon it or
directions as to it, and where the statute prescribes when and
how it shall act, it cannot act otherwise than is prescribed.
I think this is so well settled, even as to courts of general
equitable jurisdiction, as to require no discussion." Com-
menting on this opinion, KETCHAM, Surrogate, in *Matter of
Kenny* (92 Misc. Rep. 330, 338) correctly says: " It is useless
to argue that in the opinion quoted there was any thought
that the particular provision of the statute which restricted
the general power was to be found in section 2510. There
was no restriction, or specification in that section as to dis-
tribution in kind. The only suggestion in any of its subdi-

visions 1 to 8 as to qualifications of any of the powers therein
contemplated was that such qualifications were to be looked
for in statutes other than the section itself.   *   *   *   As to
restraints upon the treatment of these subjects, the only
reference is contained in the words ' in the cases and in the
manner prescribed by statute,' language plainly postponing
the mind to instances and methods to be sought outside of
the section itself.   In section 2736, one of these other statutes,
there is the definite restriction with respect to distribution
*in specie* which nobody can discover in these subdivisions 1
to 8.  That was the restriction which the court found.   It
was that upon which the court had commented as the only
specific regulation of the surrogate's power, unless some other
provision was found in section 2510.   While the opinion
quotes subdivisions 3 and 4 of section 2510 they are quoted
only to introduce and give meaning to section 2736."

Prior to the amendment of 1914 (Laws of 1914, chap. 443),
it was uniformly held by our courts that it was the duty of a
surrogate to admit to probate the will of a decedent last
executed in point of time, if the testator was competent to
make it and it was executed in conformity with the require-
ments of the statute, and it was not within his power to pass
upon the question of whether the decedent had the right to
execute such will because of a previous agreement to the con-
trary.   If such an agreement existed, that fact and its legal
results could only be determined by the Supreme Court in an
action in equity, and the manner of determination was not to
admit a former will to probate, although such former will was
the result of a contract between the testator and a third party
governing the testamentary disposition of their property, but to
sustain the contract, if established by clear and convincing
testimony and supported by an adequate consideration and
compelling its performance by the heirs of the decedent, or
otherwise granting adequate relief.  This rule has not been
changed by section 2510 of the Code.   Section 2614 of the
Code of Civil Procedure (formerly section 2623, the wording
about to be quoted being the same) provides in part:  " If
it appears to the surrogate that the will was duly executed;
and that the testator, at the time of executing it, was in
all respects competent to make a will and not under restraint;

it must be admitted to probate as a will valid." The words " competent " and " restraint," used in this section, have no reference to conditions caused by or arising from the prior execution of a joint will or contract, but refer and are limited to mental competency, and a restraint exercised, at the time of the preparation and execution of the will offered for probate, upon the testator by relatives or third persons, leading to and overcoming his free will in the testamentary disposition of his property. While the provisions of section 2510 enlarged the jurisdiction of surrogates by general phrases giving them the power to " try and determine all questions, legal or equitable, * * * as to any and all matters necessary to be determined in order to make a full, equitable and complete disposition of the matter by such order or decree as justice requires," such provision is followed by the words, " And in the cases and in the manner prescribed by statute: 1. To take the proof of wills; to admit wills to probate; and to take and revoke probate of heirship." The general phrases contained in this section by which equitable jurisdiction was given surrogates, are limited to its exercise in cases, (1) when the question acted upon was " necessary to be determined in order to make a full, equitable and complete disposition of the matter " being considered, and upon which they were called to act in determining the presented questions; and (2) in the manner prescribed by statute. In the case at bar the only questions presented to the surrogate and to be determined by him in the proceeding commenced by the petition of Klein to probate the will of 1914, were whether the testatrix was at the time of its execution mentally competent to make a will; whether such instrument was her will and voluntary act, uninfluenced by undue solicitation or restraint, and whether it was executed in conformity with statutory requirements. (See Decedent Estate Law [Consol. Laws, chap. 13; Laws of 1909, chap. 18], § 21; formerly 2 R. S. 63, § 40.) To determine these questions there was no necessity for the surrogate to consider or act upon the former joint will, which had been revoked by express provisions in the later one; but if it was permissible for him to exercise the equity powers conferred upon surrogates by section 2510 of the Code, such power and jurisdiction were limited to the

extent, and could only be exercised in the manner, prescribed by statute. Under the requirements of section 2614, it was his duty, upon the facts presented, and found by him, to admit the later will to probate, leaving the respondent to the enforcement of his legal rights under his contract, if any existed, by an action in equity in the Supreme Court. The surrogate's decision, and the decrees appealed from, rest upon the conclusion that the mere fact of the joint will having been executed constituted it an irrevocable contract restraining the decedent from executing another and later will changing the disposition made of her estate. This view is erroneous. So far as Surrogates' Courts are concerned, there are no irrevocable wills. As Judge MILLER, writing for the Court of Appeals, said in *Rastetter* v. *Hoenninger* (214 N. Y. 66, 71): " As a will an instrument is revocable at pleasure, but as a contract, if supported by an adequate consideration, it is enforceable in equity." Now, as before the enactment of section 2510, surrogates must admit to probate the last will of a decedent, proven to their satisfaction to comply with the provisions and requirements of section 2614, and any contract for a different disposition of the property of the testator must, if enforcible, be established in and enforced by an equity action brought in the Supreme Court against the heirs, devisees and legatees of the testator. The construction of section 2510 contended for by the respondent and sustained by the surrogate, would present a very grave question as to its unconstitutionality, possibly requiring its condemnation on that ground.

The order brought up for review was erroneously granted. Subdivision 6 of section 2490 of the Code of Civil Procedure contains the only authority possessed by surrogates to open, vacate or set aside a decree granted and entered in their courts, and to grant a new trial or hearing. The exercise of such power must be based upon the existence of fraud, newly-discovered evidence, clerical error " or other sufficient cause." (*Matter of Hawley*, 100 N. Y. 206; *Matter of Clapp*, 97 Misc. Rep. 576, 578.) In *Matter of Tilden* (98 N. Y. 434) it was held that the words " or other sufficient cause " in this section (formerly subdivision 6 of section 2481) meant and were limited to " causes of like nature with those specifically named."

The petition of the respondent to vacate and set aside the decree by which the will of 1914 had been admitted to probate, open the proceeding and permit him to file objections, does not aver the existence of either of the grounds to which the power of the surrogate to act was limited, and did not excuse his default; he did not deny that he had executed a waiver of the issuance and service of citation after being made acquainted with the provisions of the will, and consented in writing that it be admitted to probate, or that, after he had done so, he was duly personally served with the citation issued; no valid grounds of objection, within the jurisdiction of the surrogate, were presented, and the decree previously granted, admitting the will of 1914 to probate, should not have been set aside.

It is not necessary to consider whether the facts before the surrogate justified the conclusions as to the legal effect upon the parties arising from the execution of the joint will, or their respective rights and disabilities thereunder, because, having no jurisdiction to entertain and determine such questions, his conclusions thereon are immaterial.

It follows that both of the decrees of the Surrogate's Court of Queens county, and the order brought up for review, must be reversed, with costs, and the decree of June 19, 1915, admitting to probate the will of 1914, reinstated with the same force and legal effect in all things as if it had not been vacated and set aside.

JENKS, P. J., THOMAS, STAPLETON and BLACKMAR, JJ., concurred.

Decrees and order of the Surrogate's Court of Queens county reversed, with costs, and decree of June 19, 1915, admitting to probate the will of 1914, reinstated with the same force and legal effect in all things as if it had not been vacated and set aside.