ELENOR L. MORGAN et al., Appellants, *v.* ELMER E. SAN-
BORN, as Executor of MELISSA V. WALLER, Deceased,
Respondent, and EMMA L. WALLER et al., Appellants.

Contract — specific performance — husband and wife — exe-
cution of will by each giving all property to the other under
an agreement that· survivor should by will distribute the
property among the next of kin of both — when the wife, who
survived her husband, failed to comply with the agreement,
the next of kin of her husband can maintain an action for
the specific performance of the contract.

1. In actions, except where a new trial is ordered, no appeal as
of right may be taken to the Court of Appeals except from a final
judgment. Such an appeal may not be taken from the order of the
Appellate Division directing such a judgment; but upon an appeal
from a judgment the appellant may in his notice state that he appeals
from it or from a specified part thereof. (Code Civ. Pro. § 1300.)

2. An agreement is valid and enforceable under which a childless
husband and wife execute wills giving all their property to each
other, the survivor to execute a will disposing of the entire property
constituting both estates by distributing the same among the next
of kin of the husband and wife, the distribution to be made in sums
according to the judgment of the survivor. (*Seaver* v. *Ransom*, 224
N. Y. 233, followed.)

3. Where such an agreement was made and the wife, who survived
her husband, made a will giving a certain amount to her husband's
next of kin and a certain amount to her own next of kin, substantially
the total of the combined estates, and reciting the agreement, but
thereafter made a second will, giving the entire estate to her own
next of kin, revoking her first will, the next of kin of her husband
may maintain an action for the specific performance of the contract
between the husband and wife, and the Statute of Frauds is not a
bar to such action.

4. Where upon the trial of such an action the trial court found
as a fact that no such agreement was made by the husband and wife
and that the execution of the revoked will was obtained by fraud
and duress and that it was null and void and, therefore, dismissed
the complaint; and, upon an appeal from the judgment of the trial
court, the Appellate Division found as a fact that such agreement
was made, but affirmed the judgment upon the sole ground that

the agreement did not require the wife, as the survivor, to give to the next of kin of her husband any substantial amount and that equity would not interfere to enforce a mere nominal right in their favor, *held*, that the next of kin of the husband, although they cannot object to the probate of the last will of the wife, may enforce the contract in equity. The order and judgment of the Appellate Division should be reversed and a new trial ordered, in which the contract may be enforced. As the wife had the right to revoke her will the property should be distributed in accordance with the provisions of the Decedent Estate Law (Cons. Laws, ch. 13, §§ 29, 98) and of the Real Property Law (Cons. Laws, ch. 50, § 160). At most one-half of the estate may go to the next of kin of the husband.

*Morgan* v. *Sanborn*, 173 App. Div. 946, reversed.

(Argued November 26, 1918; decided February 7, 1919.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the second judicial department, entered June 8, 1916, affirming a judgment in favor of defendant, respondent, entered upon a dismissal of the complaint by the court on trial at Special Term.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Frederick W. Clark* for plaintiffs, appellants. It having been definitely decided by the Appellate Division that the agreement was made between Josiah Waller and his wife Melissa, the court has power to direct that its terms be carried out by the executor of Melissa, the survivor. (*Edson* v. *Parsons*, 155 N. Y. 555; *Piper* v. *Howard*, 107 N. Y. 82; *Rastetter* v. *Hoenninger*, 214 N. Y. 73; *Gates* v. *Gates*, 34 App. Div. 608; 54 N. Y. 454.) The agreement having been established and the wife Melissa having acted upon it and made a will in accordance therewith giving to her husband's heirs specific amounts, the terms of the contract are definite and certain, because that is certain which may be made certain, and the extent of the substantial rights given to the appellants had been determined by Melissa herself. (*Phelan* v. *U.*

*S. Trust Co.;* 186 N. Y. 184; Pomeroy on Spec. Perf. § 31; *Sprague* v. *Cochran,* 144 N. Y. 104; *Smith* v. *Smith,* 125 N. Y. 224.)

*George H. Taylor, Jr.,* for defendants, appellants. The agreement in question should be specifically enforced because it is equitable, not unconscionable, and is mutual. (*Hamlin* v: *Stevens,* 177 N. Y. 39; *Winne* v. *Winne,* 166 N. Y. 263; *Healy* v. *Healy,* 166 N. Y. 624; *Hall* v. *Gilman,* 77 App. Div. 458.) The agreement in question when read in connection with the will of Melissa V. Waller, containing a recital thereof and made in pursuance of such agreement, is complete and definite and, therefore, specific performance of same should have been ordered. (*Cooth* v. *Jackson,* 6 Ves. 12; *Brown* v. *Bellows,* 4 Pick. 189; Pomeroy on Spec. Perf. 1897, § 149; *Atwood* v. *Cobb,* 16 Pick. 230; *Darby* v. *Whitaker,* 4 Dem. 134; *Pritchard* v. *Ovey,* 1 J. & W. 396; *Kensington* v. *Phillips,* 5 Dow. P. C. 61.)

*Edward S. Clinch* for respondent. The judicial discretion upon which the right to the specific performance of a contract rests should not be exercised in support of the alleged agreement. (*Winne* v. *Winne,* 166 N. Y. 263.)

ANDREWS, J. Josiah and Melissa Waller were husband and wife and childless, their nearest relatives being brothers and sisters and their children. On September 19th, 1910, they each executed a will, giving all of their property to the other. The appellants claim that this was done under an agreement that the survivor should execute a will disposing of the entire property constituting both estates by distributing the same among the next of kin of the husband and wife, the distribution to be made in sums according to the judgment of the survivor.

Mr. Waller died on February 12th, 1911, and his estate — $88,000 as the appellants claim — $44,000 as the respondent concedes — went to the wife. On February 27th, 1911, Mrs. Waller executed a will giving $55,000 to various of her husband's kin and $50,000 to various of her own kin, and reciting the agreement. This was substantially the total of the combined estates. On April 19th, 1911, she made a second will, giving the entire estate to her own kin and revoking the first will. She died on January 1st, 1914.

The complaint in this action, which is brought by certain of Mr. Waller's next of kin, asks for the specific performance of the contract between Mr. and Mrs. Waller and the distribution of her estate as provided in the revoked will. Such an action may be maintained (*Seaver* v. *Ransom,* 224 N. Y. 233; *Edson* v. *Parsons,* 155 N. Y. 555, 571), and the Statute of Frauds is not a bar.

The trial court found, among other things, that no such agreement, as claimed by the appellants, was made by Mr. and Mrs. Waller, and that Mrs. Waller's signature to the revoked will was obtained by fraud, duress and intimidation, and was not her free and unrestrained act. It, therefore, found as a conclusion of law that this revoked will was null and void, and that the complaint should be dismissed upon the merits with costs. From the judgment entered on these findings an appeal was taken to the Appellate Division. The result was an order and judgment of affirmance which reversed the findings that no agreement was made between Mr. and Mrs. Waller, and that the signature to the revoked will was obtained by fraud and intimidation; reversed the conclusion of law that the revoked will was void; found as a fact that the agreement alleged by the appellants was made between Mr. and Mrs. Waller, but held that such agreement conferred no substantial right upon the next of kin of

Mr. Waller, and ordered that the judgment be affirmed upon the sole ground that this agreement did not require the wife as the survivor to give to the next of kin of the husband any substantial amount, and that equity would not interfere to enforce a mere nominal right in their favor.

Thereupon an appeal was taken to this court from a part of the order of affirmance and from so much of the judgment of affirmance as held that the plaintiffs had no substantial rights under the agreement and as affirmed the judgment appealed from upon the ground stated, " It being the intention of the above named plaintiffs to bring up for review in the Court of Appeals so much of the said actual determination of the Appellate Division, second department herein, as adjudges that the agreement " referred to " conferred upon the next of kin of Josiah A. Waller no substantial right; and also to bring up for review in the Court of Appeals so much of the said actual determination of the said Appellate Division as affirmed the judgment of July 1st, 1915, herein, without costs, upon the sole ground that the said agreement between Josiah A. Waller and Melissa V. Waller, husband and wife   *   *   *   did not require her as the survivor to give to the next of kin of the husband any substantial amount, and that equity will not interfere to enforce such a nominal right on the part of the next of kin."

In actions, except where a new trial is ordered, no appeal as of right may be taken to this court except from a final judgment. Such an appeal may not be taken from the order of the Appellate Division directing such a judgment. (Cardozo on the Jurisdiction of the Court of Appeals, sec. 85; *Derleth* v. *DeGraff*, 104 N. Y. 661.) This being so, so much of the appellants' notice of appeal as refers to the order of the Appellate Division is irregular. · Upon an appeal from a judgment the appellant may in his

notice state that he appeals from it or from a specified part thereof. (Code Civ. Pro. sec. 1300.)

What the appellants have sought by adopting the form they use is clear. The finding of fact against them in the trial court is reversed. Instead one is made in their favor. Therefore, if the Appellate Division is wrong in its legal conclusion, they wish this court to direct judgment for them. On the other hand, the respondent claims that only the grounds for affirmance — not the affirmance itself — is questioned. Therefore, whether these grounds were right or wrong, the original judgment stands and we may not review it. This construction of the effect of the notice of appeal is too narrow. Taken as a whole it informs the court that it is from the judgment of affirmance and is based upon the ground that this judgment is not supported by the findings as made. If this is true it must be reversed. And upon the reversal we may either award a new trial or grant to either party such judgment as he may be entitled to. (Code Civ. Pro. § 1337.)

After finding the agreement under which the mutual wills were made, the Appellate Division has interpreted it as meaning that it would be satisfied in case the survivor gave to the next of kin of the husband, or to one of them, some sum, however small, and that, therefore, there was conferred upon them no substantial right. Consequently, equity would not interfere to enforce on their behalf a mere nominal claim.

There are three possible constructions which might be given to this agreement: (1) That adopted by the Appellate Division. It involves the idea that under the agreement two classes of beneficiaries are created — the husband's next of kin and the wife's. (2) That, there being two classes, each class was entitled to one-half of the joint estate, the survivor to distribute such half among the members of each class according to his or her

judgment. (3) That but one class was created, all of
the next of kin of either husband or wife, to any one
of whom the whole joint estate might be given.

If the last is the true construction, the complaint
should be dismissed. The distribution " in sums accord-
ing to the judgment of the survivor," does not fairly imply
that each of the next of kin must receive something
even if an unsubstantial amount. Clearly such was not
the intent of the parties to this agreement. That such
is not thought to be the intent, under somewhat similar
circumstances, is shown by the adoption by the legislature
of section 158 of the Real Property Law. (Cons. Laws,
chap. 50.) " Where a disposition under a power is
directed to be made to, among, or between, two or
more persons, * * * when the terms of the power
import that the estate or fund is to be distributed
among the persons so designated, in such manner or
proportions as the grantee of the power thinks proper,
the grantee may allot the whole to any one or more
of such persons in exclusion of the others." What was
sought was the intent of the grantor of the power, and
this rule was finally reached as the true expression of
that intent.

Again the complaint must be dismissed if the Appellate
Division is right as to the meaning of this agreement. If
the most that the appellants can claim is merely nominal
recognition, then a court of equity will not interfere. It
is only in case we adopt the second construction, as we
have defined it above, that there should be a reversal.

Yet this, we think, was what was in the mind of the
parties. They were elderly, childless, each with near
relatives. Each had considerable property. Naturally
each would wish to benefit his or her own family. The
husband was on friendly terms with at least one brother,
for he made him his executor. Five months later, after
her husband's death, Mrs. Waller did actually make

substantially such a division. Finally, just as where the meaning of a will is doubtful, a construction should be given which prefers the blood of the testator to strangers (*Wood* v. *Mitcham*, 92 N. Y. 375), so should it be here with regard to a contract regulating the disposition of the estates of Mr. and Mrs. Waller.

Giving the contract this construction, however, we cannot agree with the contention of the appellants that the will of February 27th, 1911, controls the rights of the parties. The two wills of September 19th did not, themselves, contain the provisions for final distribution upon which the testators had agreed. In themselves they did not fix the rights of the ultimate beneficiaries. The division was to be made by will at a later time according to the judgment of the survivor. It was to take place at the death of him or her and he or she could exercise their judgment at any moment up to that hour. Any prior action was merely tentative.

The February will was of that character. It did substantially comply with the agreement. It did show what was Mrs. Waller's judgment at that time. But it could be altered or revoked. When revoked it ceased to be Mrs. Waller's will. It could not be offered for probate. Only the later will could be so offered. "It is no objection to the probate of a will that a testator had made a valid contract to dispose of his property in a different manner than that provided in the will, or that the will offered for probate revokes a will drawn in accordance with the terms of the contract." (*Sumner* v. *Crane*, 155 Mass. 483.) A like ruling has been made in Alabama (*Allen* v. *Bromberg*, 147 Ala. 317), and in Surrogate's Court in this state. (*Matter of Keep's Will*, 2 N. Y. Supp. 750; *Matter of Gloucester's Estate*, 11 N. Y. Supp. 899.) And in *Edson* v. *Parsons* (155 N. Y. 555, 564) we stated that the claim in such a case was not that the testator had incapacitated herself from making

another will, but that her estate was bound by an antecedent obligation.

While, however, those for whose benefit the contract was made may not object to the probate of Mrs. Waller's last will, they may enforce the contract in equity. If it is contained in mutual or joint wills later revoked by the survivor, those wills may be carried out, not as wills but as contracts. (*Rastetter* v. *Hoenninger*, 214 N. Y. 66.) But this contract, as we construe it, was that the survivor should by will distribute the total estates in a certain manner. This Mrs. Waller failed to do. She did not do it by her earlier will. That is revoked. She had a right to revoke it. Simply because it showed her intention at the time it was executed is no more important than if it had been executed without witnesses, or had not been properly signed, or if instead of a will there had been an oral declaration of intention.

With an enforcible contract, therefore, for the distribution of this estate between two classes of beneficiaries, but with the discretion as to how each share should be divided unexercised, the court is not helpless. It may not exercise the discretion for Mrs. Waller. But the result is equality. Again the analogy of the Real Property Law as to powers is pertinent. " If the trustee of a power, with the right of selection, dies leaving the power unexecuted, its execution must be adjudged for the benefit, equally, of all persons designated as beneficiaries of the trust." (Sec. 160.) Not literal equality among each member of the class. That class is described by the words " next of kin." In view of the policy of our state, as shown by sections 29 and 98 of the Decedent Estate Law, where a division is to be made under such circumstances, they take *per stirpes*. This is a somewhat different theory than that advanced in the complaint. There the will of February 27th is recited and the legacies given to each of the appellants by that

will. It asks that these legacies be paid. In the prayer for relief it is demanded that the defendant executor be enjoined from paying out any of the estate; that he be adjudged to hold the whole of it in trust for the purpose of carrying out a contract between the husband and wife and performing the bequests provided for in the will of February 27th; that the court decree that Mrs. Waller had no power to revoke or change that will, and that an accounting be had in order that the amount of the residuary estate be determined. The answer of the other appellants reiterates and realleges each of the allegations contained in the complaint and expressly joins in its prayer for relief. But while entitled to relief, the plaintiffs and the defendants who are interested with them are not entitled to this relief. At most one-half of the net estate may go to them. It is their right only that we discuss here. The interests of Mrs. Waller's next of kin among themselves are not before us.

In view of our conclusion as to the effect of Mrs. Waller's earlier will, the rulings of the trial court upon questions of evidence need not be considered. That will may be material as an admission of the fact of the contract. It may be admissible upon the question of the practical construction given to this contract by the survivor. But if the testimony which it is now said should have been rejected or received is again offered, the trial court will be in a position to rule upon it in view of the purpose for which this will may only be received in evidence.

The judgment of the Appellate Division should be reversed and a new trial ordered, with costs to abide the event.

Hiscock, Ch. J., Chase, Hogan and McLaughlin, JJ., concur; Cardozo and Pound, JJ., dissent.

Judgment reversed, etc.