In the Matter of the Estate of GERTRUDE D. HAWES, Deceased.

Surrogate's Court, New York County, October, 1922.

**Wills — contested probate — issues as to prior will should not be tried — alleged agreement for mutual wills — necessity for Supreme Court action.**

There should not be included in an order for the framing of issues upon the trial of a contested probate of the last will and testament of a wife questions relating to the validity of a prior will alleged to have been executed by her pursuant to an agreement with her husband, the contestant, to make mutual wills.

In the event that the last will of the wife is admitted to probate the claim of the husband may be tried and determined in a subsequent accounting proceeding under section 40 of the Surrogate's Court Act or by an action in another tribunal.

A question involving the ownership of two apartment houses alleged to have been purchased by the husband and held by the wife as trustee for him, must likewise be excluded from said order and left for a separate determination as to whether the properties constituted assets of the wife's estate.

MOTION to resettle order framing issues in contested probate proceeding.

*Hamilton & Freeman*, for proponent.

*Gilbert Ray Hawes*, in person.

Foley, S.   The motion for the resettlement of the order framing issues upon the trial of this contested probate proceeding is denied. That order affects solely the validity of the paper writing dated July 28, 1919, offered as the last will and testament of the decedent. Upon this motion the husband of the testatrix seeks to include in the issues to be submitted to the jury the validity of the paper alleged to have been executed on February 1, 1906.   His contention is that mutual wills were executed simultaneously by himself and his wife pursuant to a valid agreement, and that thereby the will of that date was irrevocable.   It is clear that questions VII to XII, inclusive, relating to the validity of the will of 1906, should not be included in the order framing issues. · The question of whether an alleged contract was created by mutual wills has no place in this probate proceeding.

It is now the settled law of this state that the prior mutual will cannot be admitted to probate since it is not the last will of decedent, and that a subsequent will may be admitted subject to the rights of the parties to compel a distribution of the estate under the terms of the contract made by the testator.   In *Hermann* v. *Ludwig*, 186 App. Div. 287, 296; affd., 229 N. Y. 544, the court said, referring to its prior opinion in the same estate reported in *Matter of Hermann*, 178 App. Div. 182, 189; affd., 222 N. Y. 564: " We then said, referring to the plaintiff's claim that the joint will was executed in pursuance of an agreement between the decedent and himself, ' If such an agreement existed, that fact and its legal results could only be determined by the Supreme Court in an action in equity, and the manner of determination was not to admit a former will to probate, although such former will was the result of a contract between the testator and a third party governing the testamentary disposition of their property, but to sustain the contract, if established by clear and convincing testimony and supported by an adequate consideration and· compelling its performance by the heirs of the decedent, or otherwise granting adequate relief ' (*Matter of Hermann*, 178 App. Div. 182, 189; affd., without opinion, 222 N. Y. 564).   If the plaintiff is entitled to relief, it is not by establishing the joint will of 1895 as the last will of the decedent, because it was not her last will, but by compelling the performance of her obligations by her children and devisees under the will of 1914.   *   *   *   And the court said in the case last cited [*Dufour* v. *Perraro*, Hargrave's Jurid. Arg. 304] that the principle was fully and firmly established that a man's representatives shall be trustees of a resulting trust for the benefit of those to whom he has bound his estate.   It is upon this principle that plaintiff must rely to establish his right to relief — not to obtain a

judgment that the will of 1895 was the last will of the decedent, but that the provisions of that will shall be decreed to be binding upon the estate of Mary Hermann and upon the defendants."

Likewise the Court of Appeals in *Morgan* v. *Sanborn*, 225 N. Y. 454, at page 461, said:  " ' It is no objection to the probate of a will that a testator had made a valid contract to dispose of his property in a different manner than that provided in the will, or that the will offered for probate revokes a will drawn in accordance with the terms of the contract' (*Sumner* v. *Crane*, 155 Mass. 483). A like ruling has been made in Alabama (*Allen* v. *Bromberg*, 147 Ala. 317), and in Surrogate's Court in this state (*Matter of Keep's Will*, 2 N. Y. Supp. 750; *Matter of Gloucester's Estate*, 11 N. Y. Supp. 899).    And in *Edson* v. *Parsons* (155 N. Y. 555, 564) we stated that the claim in such a case was not that the testator had incapacitated herself from making another will, but that her estate was bound by an antecedent obligation."

The authorities hold that the determination of the question of whether the mutual wills were executed and constituted a contract for the distribution of the property must be determined in an action in equity.    It is clear also that the provisions of section 40 of the Surrogate's Court Act conferred equitable jurisdiction upon the Surrogate's Court so as to enable it to determine this question in an accounting proceeding.    *Matter of Malcomson*, 188 App. Div. 600; *Matter of Aldrich*, 194 id. 815.    If the will of 1919, alleged to have been made by decedent here, is admitted to probate, the claim of the husband may, therefore, be tried and determined in a subsequent accounting proceeding, or by action in another tribunal. This question is not now before the court in this proceeding.

Questions XIII to XV, inclusive, cannot be included as issues in this proceeding.    Question XVI, involving the ownership of the two apartment houses alleged to have been purchased by the husband and held by the wife as trustee for him, must likewise be excluded and left to a separate determination as to whether the properties constitute assets of the estate.

Submit order on notice denying motion for resettlement.