In the Matter of the Petition of EMILIE LOUISE CRONEN, Respondent, to Prove the Last Will and Testament of CATHERINE MATILDA LALLY, Deceased.

LAVINIA LALLY, Appellant.

Second Department, November 21, 1924.

**Wills — probate — objection that will was executed in violation of agreement between testatrix and two others to make mutual wills — surrogate has no jurisdiction under Surrogate's Court Act, § 40, as amended by Laws of 1921, chap. 439, to determine validity of agreement — surrogate is bound under Surrogate's Court Act, § 144, to admit will to probate if it is properly executed.**

A surrogate does not have any jurisdiction under section 40 of the Surrogate's Court Act, as amended by chapter 439 of the Laws of 1921, to determine the validity of an agreement made by a testatrix and two others, whereby the parties thereto agreed to make mutual wills, and objections interposed to the probate of a will on the ground that the will violates such an agreement must be dismissed and the will, if it was properly executed, must be admitted to probate under the command of section 144 of the Surrogate's Court Act.

APPEAL by Lavinia Lally from an order of the Surrogate's Court of the county of Kings, entered in the office of said surrogate on the 28th day of June, 1924, granting proponent's motion to strike out certain objections filed to the petition for the probate of the will of Catherine M. Lally, deceased.

*Max L. Schallek*, for the appellant.

*Charles W. Stapleton* [*Morris L. Golieb* with him on the brief], for the respondent.

KELBY, J.:

The present proceeding is initiated by a petition made by Emilie Louise Cronen, who is the sole next of kin of the testatrix. Lavinia Lally is the stepdaughter of the testatrix and was named executrix and legatee in a paper that has been rejected for probate in another proceeding. The petition in the present proceeding is in the usual form. Objections were filed by Lavinia Lally.

The objections stricken out in effect are that in January, 1901, an agreement was made between the decedent, her daughter, Emilie Louise Cronen, and her stepdaughter, Lavinia Lally, by the terms of which it was agreed that in the event of the death of any of the parties, all her property, both real and personal, should become the property and pass to the survivors of the person so dying. It is alleged that under and by virtue of the terms of said agreement the said persons agreed to make mutual wills to carry the agreement into effect; that thereupon each of the persons including the decedent, executed a last will and testament under and by the terms of which the property, both real and personal, of each of the said persons was devised and bequeathed to the survivors.

It is also set out that in January, 1908, an agreement was made between the decedent, Emilie Louise Cronen (her daughter), and Lavinia Lally (her stepdaughter). It is stated that the agreement was for a valuable consideration and that under and by virtue of its terms " the aforesaid persons agreed that in the event of the death of any one of them, all her property, both real and personal, should become the property and pass to the survivors of said person so dying, and under and by the terms of which agreement the said persons agreed to execute mutual wills to carry such agreement into effect; that thereupon the said persons, including the said decedent, each executed a last will and testament, in and by the terms of which upon the death of the person so executing said will and testament, all of her property both real and personal, was bequeathed and devised to the survivors of said three persons." The last paragraph reads: " That the alleged last will and testament offered for probate in this proceeding was executed in violation of the aforesaid agreements and without notice to said Lavinia Lally, with intent on the part of the petitioner herein and Catherine Matilda Lally to deprive the said Lavinia Lally of all interest, except the sum of $100, in the estate of said decedent, which was of the value of more than $20,000."

The learned surrogate he d that he had no jurisdiction to entertain and try the issues raised by these objections.

It is conceded by the appellant that prior to the amendment to section 40 of the Surrogate's Court Act in 1921, by the Laws of 1921, chapter 439, section 1, the Surrogate's Court was without jurisdiction to determine the validity of an agreement to make mutual wills and providing for the distribution of the decedent's estate. This court so held in *Matter of Hermann* (178 App. Div. 182), which was affirmed without opinion (222 N. Y. 564) By chapter 443 of the Laws of 1914 section 2510 of the Code of Civil Procedure was amended and revised. That section was the prede-

cessor of the present section 40 of the Surrogate's Court Act. It will be observed that that section, prior to the amendment in 1921, purported to confer general jurisdiction as follows:

" To administer justice in all matters relating to the affairs of decedents, and upon the return of any process to try and determine all questions, legal or equitable, arising between any or all of the parties to any proceeding, or between any party and any other person having any claim or interest therein who voluntarily appears in such proceeding, or is brought in by supplemental citation, as to any and all matters necessary to be determined in order to make a full, equitable and complete disposition of the matter by such order or decree as justice requires."

Then follow eight distinct paragraphs or subdivisions enumerating certain specific powers of the surrogate. (See Laws of 1920, chap. 928, § 40.)

In *Matter of Holzworth* (166 App. Div. 150; affd., 215 N. Y. 700) this court held that the general phrases in a statute must yield to particular specifications contained in the same statute. The court said (p. 154): "As to the subdivisions of section 2510, just quoted, the cases and the manner in which the surrogate may exercise his equitable jurisdiction are specified particularly. Where there is such a specification, it must exercise its jurisdiction in accordance with the specification. Its general equitable power must yield to the statutory restrictions upon it or directions as to it, and where the statute prescribes when and how it shall act, it cannot act otherwise than is prescribed."

This was the state of the law when the amendment of 1921 was passed; and that amendment is found between the general grant of equitable powers and the enumeration of particular instances. The amendment reads as follows: " In addition to and without limitation or restriction on the foregoing powers, each surrogate or Surrogate's Court shall have power, in the cases and in the manner prescribed by statute." * Then follow the eight paragraphs or subdivisions referred to above.

It is claimed by the contestant that this amendment to section 40 of the Surrogate's Court Act granted powers of general equitable jurisdiction to the Surrogate's Court to determine the validity of a contract providing for mutual wills; and that this jurisdiction could be exercised in a proceeding to probate a will. While the disposition of a decedent's property under a will might in an accounting proceeding be tried by the surrogate and the validity of the alleged agreements determined therein, it cannot be determined on the

---

* Re-enacted by Laws of 1924, chap. 100, since amdg. said § 40.— [REP.

probate of a will. In the case of *Morgan* v. *Sanborn* (225 N. Y. 454, 461) the court said: " ' It is no objection to the probate of a will that a testator had made a valid contract to dispose of his property in a different manner than that provided in the will, or that the will offered for probate revokes a will drawn in accordance with the terms of the contract.' (*Sumner* v. *Crane*, 155 Mass. 483.) A like ruling has been made in Alabama (*Allen* v. *Bromberg*, 147 Ala. 317), and in Surrogate's Court in this State. (*Matter of Keep's Will*, 2 N. Y. Supp. 750; *Matter of Gloucester's Estate*, 11 N. Y. Supp. 899.) And in *Edson* v. *Parsons* (155 N. Y. 555, 564) we stated that the claim in such a case was not that the testator had incapacitated herself from making another will, but that her estate was bound by an antecedent obligation."

In the case of *Hermann* v. *Ludwig* (186 App. Div. 287, 296; affd., 229 N. Y. 544) the present presiding justice, writing for this court and referring to the former opinion in *Matter of Hermann* (178 App. Div. 182), said: " If the plaintiff is entitled to relief, it is not by establishing the joint will of 1895 as the last will of the decedent, because it was not her last will, but by compelling the performance of her obligations by her children and devisees under the will of 1914. * * * And the court said in the case last cited [*Phalen* v. *United States Trust Co.*, 186 N. Y. 178, 183] that the principle was fully and firmly established that a man's representatives shall be trustees of a resulting trust for the benefit of those to whom he has bound his estate. It is upon this principle that plaintiff must rely to establish his right to relief — not to obtain a judgment that the will of 1895 was the last will of the decedent, but that the provisions of that will shall be decreed to be binding upon the estate of Mary Hermann and upon the defendants."

Whatever may be the rights of the contestant on an accounting to impress a trust upon the property passing under the last will, if it be found to be such, the surrogate cannot in this probate proceeding entertain and determine what is virtually an action in equity for the specific performance of a contract to make mutual wills. This is so because section 144 of the Surrogate's Court Act, which relates to the probate of wills, provides as follows:

" If it appears to the surrogate that the will was duly executed; and that the testator, at the time of executing it, was in all respects competent to make a will and not under restraint; it *must* be admitted to probate as a will valid to pass real property, or personal property, or both, as the surrogate determines, and the petition and citation require, and must be recorded accordingly."

This makes it obligatory upon the surrogate to admit to probate the last will executed by the testator in point of time providing

such will was executed in accordance with the said statute. (See, also, Decedent Estate Law, § 21.) In an action in equity in the Supreme Court for the specific performance of a contract, the decree would simply uphold the validity of the contract and direct its performance, and would not direct the probate of the will.

I, therefore, recommend that the order of the Surrogate's Court of Kings county striking out objections of the contestant be affirmed, with ten dollars costs and disbursements.

KELLY, P. J., RICH, MANNING and YOUNG, JJ., concur.

Order of the Surrogate's Court of Kings county, striking out objections of the contestant, affirmed, with ten dollars costs and disbursements.