In the Matter of the Estate of ROSANNA HIGGINS, Deceased.

Surrogate's Court, Queens County, June 13, 1933.

*Egan & Ittelson* and *Bernstein & Patterson*, for the proponents.

*Edward H. Daly*, for the Roman Catholic Orphan Asylum.

*Brower & Titlebaum*, for the respondent Michael Dooley, Jr.

*Gillespie & O'Connor*, for the Society of St. Vincent de Paul.

*Gray & Tomlin*, for the Roman Catholic Church of St. Thomas Apostle.

*Herbert A. O'Brien*, for St. Anthony All Souls Church.

*Jay Elwyn Rice, amicus curiæ.*

*John J. Barrett, Jr.*, for the Society of the Propagation of the Faith.

*Patrick J. Walsh*, for Roman Catholic Church of the Epiphany.

HETHERINGTON, S. The decedent and her husband executed a joint will on September 26, 1923. Upon the death of the husband the joint will was admitted to probate as his will by decree of this court on July 27, 1931. On March 24, 1932, the decedent executed an instrument which has been offered for probate by the executors named therein. Under the joint will there were eight residuary beneficiaries, while under the later instrument now offered for probate all of the eight named in the joint will, with the exception of one, appear as residuary legatees, in addition to four others, making eleven in all. In addition to other changes not necessary to detail here, the propounded paper displaces one of the executors named in the joint will by substituting another. The contestants among other grounds set up as a bar to the probate of the later instrument the making and existence of the joint will, and in addition to other relief, ask that the joint will be admitted to probate as the will of the decedent and the later instrument rejected. The contestants have formally moved to dismiss the amended petition on the ground that it is insufficient in law, or in the alternative for judgment on the pleadings, and for a determination of the question as to whether the surrogate has the power to probate the joint will as the last will of the decedent and refuse probate to the propounded instrument. Singularly the same question was presented to one of my predecessors about seventeen years ago, and while the surrogate decreed probate of the joint will, his determination was reversed by the Appellate Division which was upheld by the Court of Appeals. (See *Matter of Herman*, 178 App. Div. 182; affd., 222 N. Y. 564; *Herman v. Ludwig*, 186 App. Div. 287; affd., 229 N. Y. 544.) The court in its opinion held that it was the duty of the surrogate to admit to probate the will of a decedent

last executed in. point of time, if the testator was competent to make it and it was executed in conformity with the requirements of the statute, and that it was not within his power to pass upon the question of whether the decedent had the right to execute such will because of a previous agreement to the contrary. If such an agreement existed, that fact and its legal results could only be determined by the Supreme Court in an action in equity, and the manner of determination was not to admit a former will to probate, although such former will was the result of a contract between the testator and a third party governing the testamentary disposition of their property, but to sustain the contract, if established by clear and convincing testimony and supported by an adequate consideration and compelling its performance by the heirs of the decedent, or otherwise granting adequate relief.

While it is true that the foregoing ruling was made prior to the amendment to section 40 of the Surrogate's Court Act made by chapter 439 of the Laws of 1921, no case has been called to my attention holding that a prior joint will can be admitted to a probate where there is a later instrument which appears on its face to be executed according to the statute. As a matter of fact the decisions reported since the amendment seem to point to the contrary, and continue to emphasize the fact that the surrogate is bound under section 144 of the Surrogate's Court Act to admit the later instrument, if properly executed and otherwise in conformity with the statutes. The furthest that the courts appear to have gone is to intimate, if not acknowledge, that the surrogate now has power in an accounting proceeding to determine and adjust the rights of the parties under the joint will or contract. (*Matter of Lally*, 210 App. Div. 757; *Matter of Hawes*, 119 Misc. 359; *Matter of Martin*, 128 id. 659; *Matter of McGrath*, 133 id. 30.) In *Morgan* v. *Sanborn* (225 N. Y. 454, 461) the court stated: " It is no objection to the probate of a will that a testator had made a valid contract to dispose of his property in a different manner than that provided in the will, or that the will offered for probate revokes a will drawn in accordance with the terms of the contract." *Schley* v. *Donlin* (131 Misc. 208), relied upon by the contestants, lends no support to their contentions that the equitable power of the Surrogate's Court has progressed to the point where it may now disregard the instrument executed last in point of time and probate the earlier one. In fact, TOWNLEY, J., cited with approval the above quotation from *Morgan* v. *Sanborn* (*supra*) and merely held that the Surrogate's Court had jurisdiction, upon an accounting, to determine and enforce the rights of those claiming under a contract where a will was made in violation thereof, and that it was no longer incumbent

upon the surrogate to refer the parties to equity for the protection and enforcement of their rights. This appears, as I stated before, to be the limit of the surrogate's power, and while I should prefer a different result, nevertheless, I feel constrained to hold that the objections made to the paper propounded for probate, based upon the existence of the earlier and joint will, are insufficient and must be disregarded. The contestants may elect to assert their rights under the joint will in the accounting proceeding or take such other action as they may be advised. Motion denied. Proceed accordingly.