In the Matter of the Estate of SAMUEL J. STERN, Deceased.
MAYME KORN et al., Appellants, IRWIN STERN, Respondent.

Third Department, November 3, 1967.

*Philip Korn* for appellants.

*Ewig & Beck* (*Arthur B. Ewig* of counsel; *Jules Ewig* with him on the brief), for respondent.

REYNOLDS, J. Appeal is taken from an order of the Surrogate's Court, Ulster County, limiting the objectants' discovery and inspection requests.

Objectants seek to attack the will of Samuel J. Stern dated May 31, 1963 purportedly on the ground it was executed under conditions of mental incapacity, fraud, undue influence and mistake. Allegedly in pursuit of this end they sought discovery of decedent's hospital records and all manner of business, correspondence and banking and legal records of the decedent from June, 1959 to June, 1966. The Surrogate while granting the request for inspection of the pertinent hospital records, denied the other requests except that " [I]n event the examination before trial and present discovery proceedings reveal a need for additional discovery, such application may be entertained upon presenting additional facts to the Court." Clearly under CPLR 3103 (subd. [a]) the Surrogate had the power to limit discovery, and we see no basis to disturb the exercise thereof here. The words " competent " and " restraint " as utilized in subdivision 2 of section 144 of the Surrogate's Court Act (now SCPA, § 1408, subd. 2) refer only " to mental competency and * * * restraint exercised, at the time of the preparation and execution of the will " (*Matter of Hermann*, 178 App. Div. 182, 190, affd. 222

N. Y. 564), and not at some distant or remote time (*Matter of Kaufmann*, 14 A D 2d 411). At the present time there is no indication whatsoever that the conduct of decedent's personal and business affairs for the extensive period for which examination is sought is material and necessary to the questions of restraint and mental capacity on May 31, 1963 (CPLR 3101, subd. [a]). Moreover, the order clearly assures that should such information prove relevant at a future date, objectants will not be foreclosed from applying for it.

The order should be affirmed, with costs.

GIBSON, P. J., HERLIHY, AULISI and GABRIELLI, JJ., concur.

Order affirmed, with costs.