In the Matter of the Judicial Settlement of the Account of Proceedings of WILLIAM BUTLER DUNCAN, Deceased, as Executor, etc., of MARTHA MALVINA WILLIAMS, Deceased, by WILLIAM BUTLER DUNCAN, JR., and Others, Executors, etc., of Said WILLIAM BUTLER DUNCAN, Deceased.

In the Matter of the Judicial Settlement of the Account of Proceedings of WILLIAM BUTLER DUNCAN, JR., and Others, as Executors, etc., of WILLIAM BUTLER DUNCAN, Deceased, with Regard to the Administration of the Estate of MARTHA MALVINA WILLIAMS, Deceased.

GEORGE PEABODY WETMORE, Individually and as Executor, etc., of ANNIE WETMORE SHERMAN, Deceased, and Others, Appellants; WILLIAM BUTLER DUNCAN, JR., and Others, as Executors, etc., and Others, Respondents.

First Department, December 31, 1917.

Decedent's estate — executors of deceased executor — right to an accounting and relief from custody of unadministered estate — practice — administrator with will annexed should be appointed — executors of executor cannot be burdened with distribution of estate.

The executors of a deceased executor are entitled to a judicial approval of the accounts of their testator and to relief from the custody of property left unadministered by him. Of such property they are merely custodians without the executorial powers which appertained to their testator.

Such executors of a deceased executor have no power to collect or distribute the prior estate which power should be vested in an administrator with the will annexed.

Although the deceased executor was judicially directed to make certain distributions to creditors, the decree is not binding upon the executors of the deceased executor to the extent of burdening them with the duty of making such distribution and it is doubtful whether they would have power to do so.

Where there is no administrator with the will annexed, the proper way to provide for the distribution of unadministered assets among the creditors of a brother of the testatrix is to order the assets turned over to the receiver of the estate of said brother, who should realize on them and make proper distribution.

APPEAL by George Peabody Wetmore, individually and as executor, and others from a decree of the Surrogate's Court

First Department, December, 1917.    [Vol. 181.

of the county of New York, entered in the office of said Surrogate's Court on or about the 2d day of April, 1917, in so far as it overrules certain contentions made by the appellants.

*Henry H. Man,* for the appellants.

*Francis Smyth* of counsel [*Thomas B. Gilchrist* and *Russell Stiles* with him on the brief], *Cadwalader, Wickersham & Taft,* attorneys, for the respondents.

SCOTT, J.:

We are of the opinion that under the circumstances of this case, the order appealed from was right. The accountants are the executors of an executor and as such seek the judicial approval of the accounts of their testator, and relief from the custody of the property left unadministered by him. Of such property they are merely the custodians possessing with respect thereto none of the executorial powers and functions which appertained to their testator as executor. (Decedent Estate Law [Consol. Laws, chap. 13; Laws of 1909, chap. 18], § 121, as added by Laws of 1909, chap. 240; *Matter of Hayden,* 204 N. Y. 330.) They are not the successors of their testator as executor and have no power either to collect or to distribute the estate. Such power would be vested in an administrator *c. t. a.,* if one were appointed, but none has been appointed and apparently none of the parties in interest desire that one should be appointed. At least no move in that direction appears to have been made.

In our opinion the judgments of the Supreme Court relied upon by the appellants, in so far as the now deceased executor of the estate of Martha M. Williams, deceased, was directed to make distribution to the creditors of Stephen C. Williams, deceased, are not binding upon these accountants and they should not be burdened with the duty of making such distribution, even it were legally possible for them to do so, which is at least doubtful.

In the absence of an administrator *c. t. a.* of the estate of Martha M. Williams, deceased, the obvious and only practical way to provide for the distribution of the unadministered assets of her estate among her brother's creditors is to order those assets to be turned over to the receiver of

the estate of said brother whose right and duty it will be to realize upon the assets and make proper distribution thereof.

The order appealed from is right and must be affirmed, with ten dollars costs and disbursements to the petitioners, respondents.

CLARKE, P. J., LAUGHLIN, DOWLING and SHEARN, JJ., concurred.

Order affirmed, with ten dollars costs and disbursements.