Matter of the Estate of MICHAEL FOX, Deceased.

(Surrogate's Court, Bronx County, June, 1918.)

Decedent Estate Law, § 121 — executors and administrators — trusts — accounting — Code Civ. Pro. § 2725.

On denying an application by the executor of a deceased administratrix for an order directing a trust company to pay over to the former the amount of a bank deposit in the name of the deceased administratrix, as such, which application was opposed by the trust company,

*Held,* that under section 121 of the Decedent Estate Law a representative of a deceased representative is merely a temporary custodian of such part of the unadministered estate of the first decedent as may come into his hands; that, as he has no power to compel a delivery to himself, he is under no duty to assume possession, and that such claim cannot be enforced by him but must be collected or litigated by an administrator *de bonis non.*

The fact that, under section 2725 of the Code of Civil Procedure, the successor of a deceased representative may account for trust property which has come into his possession or into the possession of the decedent, does not confer upon the court the right to order the delivery of property of a decedent's estate to such successor nor does it invest the representative of a deceased representative with the right to administer upon the

decedent's estate; but this provision was intended to give the Surrogate's Court power in a proper case to order distribution without the intervention of a successor.

PROCEEDINGS on application to turn over moneys on deposit in bank to an executor of a deceased administratrix.

Stoddard & Mark, for petitioner.

Davies, Auerbach & Cornell, for respondent.

SCHULZ, S. This is an application by the executor of a deceased administratrix for an order directing a trust company to pay over to the former the amount of a bank deposit in the name of the deceased administratrix as such. If the petitioner is correct in his contention, then it follows that although a person appointed administratrix is required to qualify by filing an undertaking her personal representative, who might be an executor without bonds, could reduce to possession and administer upon the decedent's estate without filing security of any kind.

The bank deposit created the relation of debtor and creditor between the trust company and the deceased administratrix. *Matter of Franklin Bank*, 1 Paige, 249; *Critten* v. *Chemical National Bank*, 171 N. Y. 219. Section 121 of the Decedent Estate Law (Laws of 1909, chap. 18; Consol. Laws, chap. XIII), provides that "An executor of an executor shall have no authority to commence or maintain any action or proceeding relating to the estate, effects or rights of the testator of the first executor, or to take any charge or control thereof, as such executor." Under this section it has been held that an executor or administrator of the deceased executor or administrator is merely a

temporary custodian of such part of the unadminis-
tered estate of the first testator as may come into his
hands, and as he has no power to compel a delivery to
himself he is under no duty to assume possession.
*Matter of Hayden,* 204 N. Y. 330. In *Matter of Duncan,*
181 App. Div. 91, the Appellate Division, first depart-
ment, in December, 1917, said: "The accountants
are the executors of an executor and as such seek
the judicial approval of the accounts of their testator,
and relief from the custody of the property left
unadministered by him. Of such property they are
merely the custodians, possessing with respect thereto
none of the executorial powers and functions which
appertained to their testator as executor. * * *
They are not the successors of their testator as
executor and have no power either to collect or to
distribute the estate. Such power would be vested
in an administrator c. t. a., if one were appointed."
In my opinion this applies equally to the execu-
tor of an administrator, except that the power in that
case would be vested in an administrator d. b. n. The
Code (§ 2606) specifically provides that when all
administrators die the surrogate must grant letters
of administration d. b. n. to one or more persons as
their successors, and that the proceedings to procure
the grant of such letters are the same, and the same
security shall be required as upon an original
application.

It follows that the claim against the trust com-
pany cannot be enforced by the executor of the
deceased administratrix but must be collected or liti-
gated by one entitled to administer upon the estate of
the decedent, that is, by an administrator d. b. n.

The fact that under section 2725 the successor of
the deceased administratrix may account for acts and
doings of the decedent and for the trust property

which has come into his possession, or into the possession of the decedent, does not confer upon the court the right at this time to order the payment of the bank account in question, nor does it invest the executor of the deceased administratrix with the right to administer upon the decedent's estate. If, when the accounting is concluded, the surrogate finds that a distribution in whole or in part can be made to the parties entitled thereto, he may make a decree accordingly. Code Civ. Pro. § 2725. This provision was intended by the revisers to give the surrogate power to order distribution without the intervention of a successor (Report of the Revision Committee to the Legislature dated February 9, 1914, p. 250), but I do not read it as authorizing me to grant the order prayed for.

The application to direct the present payment to the petitioner must be denied.

Application denied.