Matter of the Estate of WILLIAM RICHARD DENHAM, Deceased.

(Surrogate's Court, New York County, April, 1919.)

Accounting — executors and administrators — accounting by an executrix of a deceased executor.

Where an application of the co-executor of a deceased executor to compel the executrix of the latter to file an account of her testator's administration of the estate has been granted to the extent of requiring the executrix to account for so much of said estate as came into her hands as executrix of the deceased executor of that estate, such decision, on motion for a reargument and in view of *Matter of Fithian,* 44 Hun, 457, will be extended so as to provide that the executrix file an account showing also the acts of her testator in connection with the said estate.

Surrogate's Court, New York County, April, 1919.   [Vol. 107.

MOTION for a reargument of an application to compel an executrix to file an account.

Gilbert D. Lamb, for petitioner.

Robert J. Mahon, for Edith C. Eckerson, executrix, respondent.

FOWLER, S.   This is a motion for reargument of an application made by the co-executor of a deceased executor to compel the executrix of the latter to file an account of her testator's administration of the estate of William Richard Denham, deceased.* When the application originally came before me I decided that it should be granted to the extent of requiring the executrix to account for so much of the estate of William Richard Denham, deceased, as came into her possession as executrix of the deceased executor of that estate.   The surviving co-executor of the estate of William Richard Denham, deceased, contends that my decision should be extended so as to embrace an account of all the acts and proceedings of the deceased executor.

The law on this question does not seem to be well settled.   In the earlier cases it was held that the executor of a deceased executor could be compelled to account only for the property received by him from his deceased executor.   *Maze* v. *Brown,* 2 Dem. 217; *Bunnell* v. *Ranney,* Id. 327.   These decisions were based upon the surrogate's interpretation of the language of section 2606 of the Code.   In 1884, however, the legislature amended that section, and when the question subsequently arose it was held that the effect of the amendment was to give the surrogate jurisdiction to compel the executor of a deceased executor to account in the same manner and to the same extent as if such deceased executor had been

---

* For opinion on reargument see 174 N. Y. Supp. 883.—[REPR.

removed by a decree of the Surrogate's Court. *Matter of Fithian,* 44 Hun, 457. In the revision of the sections of the Code applicable to Surrogates' Courts effected by chapter 443 of the Laws of 1914, section 2606 was renumbered 2725, certain clauses in relation to the liability of the sureties on the bond of a deceased executor or administrator were omitted, and a new clause was inserted giving the surrogate jurisdiction to direct the executor of a deceased executor to distribute to those entitled thereto the property of the estate which was being administered by the latter at the time of his death.

In 1909 section 121 of the Decedent Estate Law was added, and this section provides that: "An executor of an executor shall have no authority to commence or maintain any action or proceeding relating to the estate, effects or rights of the testator of the first executor, or to take any charge or control thereof, as such executor." In *Matter of Hayden,* 204 N. Y. 313, it was held that while an executor of a deceased executor may account, he cannot administer upon the estate of the original decedent, and in *Matter of Duncan,* 181 App. Div. 91, it was said that the executor of a deceased executor was merely the custodian of the property of the estate which has come into his possession, and that with respect thereto he possesses none of the executorial powers and functions which appertained to the deceased executor, and cannot collect or distribute the estate.

Under old section 2606 it was provided that upon an accounting by an executor of a deceased executor a decree against the deceased executor would have the same effect, with respect to the liability of sureties, as if an execution upon the property of the decedent had been returned unsatisfied during his lifetime. This might be considered a sufficient justification for requiring that an executor of a deceased

Surrogate's Court, New York County, April, 1919.    [Vol. 107.

executor account generally for his testator's conduct in the administration of the estate. But in the revision of 1914 this clause was omitted, so that there does not now seem to be any advantage whatever in requiring the executor of a deceased executor to account generally for the latter's administration of his testator's estate. A decree rendered in such an accounting proceeding could not be binding upon the executor except as to the property of the first estate which reached his hands (*Matter of Irwin,* 68 App. Div. 162), and it could not be binding upon the persons interested in the estate of the deceased executor, because they would not be parties to it. The only apparent reason for requiring the executor of the deceased executor to account generally is that he may have in his possession books, papers or records which would enable him to show what his testator had done in the administration of the estate. But such sources of information could be more effectively used upon the trial of a claim presented against the estate of the deceased executor by the administrator c. t. a. of the original decedent, as the relevancy or materiality of proposed evidence could then be judicially determined by the court, and a decree entered in such a proceeding would be binding upon those interested in both estates.

It would seem to me, therefore, that the better practice would be to have an executor of a deceased executor account for all of the property of the estate that came into his possession, and if the administrator c. t. a. of the original decedent was dissatisfied with such an account, he could then file a claim against the estate of the deceased executor and prove that he received more property than that accounted for by his executor. The entire question of his administration of the estate could then be investigated and passed upon, and a decree entered in such a proceed-

ing would finally determine the rights of the various parties and would be binding upon all of them.

Whether it was the intention of the legislature when making the revision of 1914 and eliminating certain parts of old section 2606, that the accounting of an executor of a deceased executor should be limited to property which came into his possession, is not clear from a reading of the new section, 2725. It may be that the legislature in providing that the surrogate may upon such an occasion direct a distribution among the parties entitled thereto intended to repeal by implication that part of section 121 of the Decedent Estate Law which provides that an executor of a deceased executor does not take charge or control of the property which belonged to the original decedent. In any event, since the amendment effected in 1914, I can see no useful purpose to be served or object to be attained by directing the executor of a deceased executor to account for all the property which came into the hands of his testator. In view, however, of the fact that there is a decision of an appellate court (*Matter of Fithian, supra*) to the effect that the executor of a deceased executor may be compelled to account for the acts of his testator, and that this decision does not appear to have been expressly overruled by the recent decisions of the appellate courts, I will grant the application to extend the effect of the decision heretofore rendered so as to provide that Edith C. Eckerson, as executrix of John C. Eckerson, deceased, file an account showing the acts of her testator in connection with his administration of the estate of William R. Denham as well as the property of that estate which came into her possession.

**Decreed accordingly.**