ROCHESTER TRUST AND SAFE DEPOSIT · COMPANY and KATHLEEN McLEAN RUSSELL, as Executors of the Will of W. FRANK McLEAN, Deceased, and KATHLEEN McLEAN RUSSELL, Plaintiffs, *v.* CHAPIN BROWN, as Executor of the Will of . ARTHUR T. SKINNER, Deceased, and as Administrator with the Will Annexed of the Estate of ROSABEL SKINNER, Deceased, NELLIE F. SKINNER, as Residuary Legatee and Devisee under the Will of ARTHUR T. SKINNER, KATHERINE E. HAINES, PRESTON WRIGHT and NANCY WRIGHT, Defendants.

(Supreme Court, Monroe Special Term, July, 1921.)

Injunctions — decedents' estates — when executor may be restrained by the Supreme Court from taking further proceedings in the Surrogate's Court — jurisdiction — Surrogate's Court — compromise agreement.

Soon after the death of a wife and before her will was offered for probate her surviving heirs at law and next of kin,

on being apprised of the terms of the will, by which her entire estate, consisting solely of personal property, was given to her husband, represented to him that there was a later will, making a different disposition of her property, and that they would oppose the probate of the earlier instrument and try to establish the later one.   By way of compromise the husband executed a will disposing of the property of his late wife in accordance with her wishes contained in the alleged later will, and all parties in interest entered into an agreement in writing, of which both the will of the wife and of the husband was a part, in which it was stipulated that he should receive the income of her property for life, should make no will in respect thereof and that her brother should be associated with the husband as administrator with the will annexed of the wife.   Thereupon the wife's will was admitted to probate in the Surrogate's Court of Steuben county by consent of her heirs at law and next of kin and her property passed into the possession of and continued under the active management of her brother until his death.   Thereafter the husband, by a codicil to his will, which after reciting the death of his wife's brother who was the legatee of one-half of the residuary estate passing by the husband's will and the death of another legatee thereunder, declared that the legacies to them had lapsed and the total amount thereof was bequeathed to testator's then wife, to whom he also bequeathed the total amount given to any legatees who might predecease him, and in all other respects confirmed his will.   The will of the brother was admitted to probate in the Surrogate's Court of Monroe county, and his executors came into possession of and still have the property of his said sister's estate.   *Held,* that an action in equity brought by said executors against the executor of the husband's will in his representative capacity and as the duly appointed administrator with the will annexed of his testator's wife, related essentially to the alleged estate, effects and rights of said wife's deceased brother.

The complaint alleged that the wife's will was admitted to probate, less as a will than as one of the steps in the performance of the written agreement, that the husband's will was executed in accordance therewith and that the codicil thereto was in violation of said agreement.   *Held,* that the remedy for the husband's breach of the agreement, if established, was enforceable against his estate and those claiming the property in issue by virtue of the codicil, and a motion to vacate an injunction restraining the defendant executor from taking further proceedings in the Surrogate's Court to compel the

plaintiff executors to account for and deliver to him in his representative capacity the property in issue, will be denied.

While the plaintiffs may not be entitled to all the relief demanded in the complaint and in the form demanded that is no obstacle to their obtaining the relief to which they are entitled.

Motion on behalf of the defendant Chapin Brown, to vacate an injunction, restraining him from taking further proceedings in the Surrogate's Court of Steuben county, to compel the plaintiff executors to account to and deliver to him, in his representative capacity, certain personal property.

Asher P. Whipple, for plaintiffs.

James McCall, for defendants.

Stephens, J.  Rosabel Skinner died February 26, 1910, leaving a last will and testament by which she gave all her property to her husband, Arthur T. Skinner, and appointed him executor thereof; besides her husband the defendant left her surviving as her only heirs and next of kin, a brother, W. Frank McLean, plaintiffs' testator, and the defendant Katherine E. Haines, a sister, Preston Wright, a nephew, and Nancy Wright, a niece; there were also living at the time of her death, Eva I. McLean, the wife of W. Frank, and the latter's children, George V. and the plaintiff Kathleen McLean Russell, and Arthur, the son of the defendant Haines.

The will of said Rosabel Skinner was duly probated in the Surrogate's Court of Steuben county; letters testamentary were not issued to the husband of said decedent for he renounced the appoinment as executor and letters of administration, with the will annexed, were issued to him and said W. Frank McLean; the property of said decedent, which con-

sisted of personal property only, passed into the possession, and continued under the active management, of the last named administrator, and was in his possession at the time of his death, December 31, 1919.

On March 10, 1910, Arthur T. Skinner duly executed a will, and after certain specific bequests he gave all of the property that belonged to the estate of his wife to said W. Frank McLean and the defendant Haines, share and share alike, and appointed the said W. Frank McLean to be the executor thereof; this will affected no other property; he made another will and codicils later, to which further reference will need to be made; said testator died December 30, 1920; his two wills and a codicil to each of them were duly admitted to probate by the Surrogate's Court of Steuben county, March 21, 1921, and letters testamentary issued to the defendant Chapin Brown. On the same day the newly qualified executor of the wills of Arthur T. Skinner was duly appointed administrator with the will annexed of Rosabel Skinner.

On February 24, 1920, the will of W. Frank McLean, who died December 31, 1919, was probated in the Surrogate's Court of Monroe county, and letters testamentary were issued to the plaintiffs, Rochester Trust and Safe Deposit Company and Kathleen McLean Russell, and as such executors they came into the possession of and still have the personal property of the Rosabel Skinner estate.

George V. McLean assigned to his father, whom he predeceased, all of his interest in the said property, derived from the several wills and agreement; and Arthur Haines assigned his interest, coming from the same source, to his mother, the defendant Katherine E. Haines.

On March 22, 1921, after his qualification as executor of the will of Arthur T. Skinner, and as adminis-

trator with the will annexed of the estate of Rosabel
Skinner, the defendant Chapin Brown instituted by
petition a proceeding in Surrogate's Court of Steuben
county for an accounting by the plaintiff executors of
the personal property belonging to the estate of Rosa-
bel Skinner and citation was directed to be issued to
said executors, returnable in said court on April
fourth; the proceeding was adjourned for a week but
before the adjourned date the injunction that has pro-
voked this motion was granted, restraining said
Chapin Brown from taking any further proceeding in
the premises.

This action was commenced by the service of a sum-
mons and complaint upon the defendant Chapin
Brown on March 21, 1921, immediately after his
appointment in the two respective capacities in which
he is described in the title of the action.

If the facts above stated were all the circumstances
upon which the plaintiffs predicate their action and
their right to injunctive relief they would necessarily
fail in their endeavor and the restraint imposed upon
the defendant Brown immediately removed; but all
the facts alleged in the moving papers have not been
stated and it is upon those thus far unrevealed that
the plaintiffs rely to justify their action.

The complaint substantially alleges that soon after
the death of Rosabel Skinner and before her will was
offered for probate her surviving heirs at law and
next of kin above mentioned on being apprised of the
terms of her will dated July 25, 1881, before men-
tioned, represented to Arthur T. Skinner that there
was a later will, making a different disposition of the
decedent's property and that they would oppose the
probate of the earlier instrument and try to establish
the later testamentary provisions; that after some
negotiations by way of compromise, the said Arthur

T. Skinner executed his will of March 10, 1910, disposing of the property of his late wife in accordance with her wishes contained in the alleged later will and on the following day the parties entered into an agreement in writing, of which the will of Rosabel and the will of Arthur T. Skinner was a part, in which it was stipulated that Arthur T. Skinner should receive the income of his. wife's property during his life, should make no other testamentary disposition of it and that W. Frank McLean should be associated with him as administrator of the will annexed of Rosabel; the heirs and next of kin of Rosabel thereupon consented to the probate of her will, and it was admitted to probate as above stated.

The said Arthur T. Skinner executed a second will March 27, 1912, and a codicil thereto on February 14, 1917, disposing of property that he himself had acquired and confirming the will of 1910 that related solely to the property of his late wife; we are not concerned, therefore, about this will or codicil.

Our sole interest attaches to the codicil made June 24, 1920, to said will of 1910; in it the testator, Arthur T. Skinner, recited the death of W. Frank McLean, the executor named in it and th  legatee of one-half the residuary estate passing under said will, and the death also of George V. McLean, a legatee under said will; he then declared that the legacies given to said legatees had lapsed and he bequeathed the total amount of said legacies to his wife, the defendant here, Nellie F. Skinner; he also bequeathed to his said wife the total amount of any other legacies which were given in said will to any person who might die before his decease; in all other respects he ratified and confirmed said will, and appointed the defendant Brown to be the executor of it.

Upon the facts thus summarized the plaintiffs'

demand is, briefly stated, that Arthur T. Skinner's said will of 1910 be established as his last will affecting the property formerly of Rosabel Skinner; that the codicil thereto be declared inoperative; that the plaintiff executors be permitted to account to this court for the property received by their testator from the estate of Rosabel Skinner and to surrender the same to whom the court shall direct; that the defendants Chapin Brown in his representative capacities and Nellie F. Skinner be excluded from all interest therein and enjoined from asserting any interest; that they account for any such property received by them and that it be adjudged that the legacies to W. Frank McLean and George V. McLean did not lapse and that their rights and interests under said will and agreement of 1910 passed to and vested in the executors of the will of said W. Frank McLean.

The question for determination is whether the Supreme Court should assume jurisdiction of the controversy, prohibit the Surrogate's Court from acting, or leave the latter court with a free hand to dispose of it.

We are met at the threshold of our inquiry by the assertion that the plaintiff executors are forbidden to bring the action because the property involved did not belong to their testator but was in his possession as administrator with the will annexed of Rosabel Skinner, and that, therefore, they cannot be permitted to distribute it, their sole duty being to account for it to the succeeding administrator; in ordinary cases this position is unassailable. Decedent Estate Law, § 121; *Matter of Hayden,* 204 N. Y. 330; *Matter of Duncan,* 181 App. Div. 91.

This action, however, does not essentially relate to the estate, effects or rights of Rosabel Skinner but to

the alleged estate, effects and rights of W. Frank McLean.

The cardinal merit of defendants' motion to vacate the injunction turns upon the jurisdiction of the Surrogate's Court to adjudicate the questions presented by the complaint; if that court have complete power to safeguard the interests of the parties in the course of the administration of the assets of the estates of the three several decedents the Supreme Court should refuse to act, but will not hesitate to do so if the limited jurisdiction of the Surrogate's Court is inadequate to afford a complete remedy in this triple testamentary tangle. *Bankers Surety Co.* v. *Meyer,* 205 N. Y. 219; *Lawrence* v. *Littlefield,* 215 id. 561, 584.

The plaintiffs contend that the Surrogate's Court is entirely powerless to determine the rights of the parties to the property, about which the dispute has arisen, and that, therefore, this court must of necessity undertake the task of adjudicating; them; the defendant Brown is equally insistent that the Surrogate's Court alone is the appropriate tribunal.

To support his position the counsel for the plaintiffs cites *Adams* v. *Swift,* 169 App. Div. 802; *Matter of Hermann,* 178 id. 182, and *Rastetter* v. *Hoenninger,* 214 N. Y. 66.

The first above mentioned case was brought by the wife of a decedent to establish a will as his last will and testament and to restrain the probate of a later will; the ground of the action was that the testator made the earlier will pursuant to an ante-nuptial agreement; the plaintiff succeeded, the court saying in its opinion: " It is quite true that upon an application for probate the Surrogate's Court would have no jurisdiction to try out the question of the making and effect of the ante-nuptial agreement or to enforce its provisions.  This is because the Surrogate's Court is

of limited jurisdiction and has no general equity powers. With the Supreme Court it is different. It has general equity jurisdiction and is the court to which application would necessarily be made to enforce plaintiff's claim.''

In *Matter of Hermann,* 178 App. Div. 182; affd., without opinion, 222 N. Y. 564, the Surrogate's Court had admitted to probate a last will and testament; thereafter, on the application of the supposed husband of the decedent the probate of said will was vacated and he was permitted to interpose the objection, among others, that he and the said decedent had, prior to the making of the will, executed a joint will which had never been revoked; the proponent of the will challenged the jurisdiction of the surrogate to determine the question raised by this objection; the surrogate assumed jurisdiction, denied probate to the later will and admitted the earlier joint will; on appeal the decrees of the Surrogate's Court were reversed and the probate of the later will reinstated on the ground that the Surrogate's Court had no jurisdiction to determine the legal effect upon the parties arising from the execution of the joint will and of their respective rights and disabilities thereunder.

The *Rastetter* case is significant only because of the statement ''As a will an instrument is revocable at pleasure, but as a contract, if supported by an adequate consideration, it is enforceable in equity.''

The facts in *Matter of Hermann* came before the Appellate Division, second department, again nearly two years later in *Hermann* v. *Ludwig,* 186 App. Div. 287; the plaintiff, the supposed husband of the decedent, brought an action in equity, against the beneficiaries under the later will and the husband of decedent by her first marriage, who was her lawful spouse, to establish the provisions of the joint will as

binding obligations upon the estate of the decedent and upon the defendants in the action; relief in other forms was also demanded; the complaint was dismissed by the trial court upon the merits but the judgment was reversed and the judgment of reversal was affirmed without opinion in 229 N. Y. 544; the Appellate Division in its opinion interpreted its earlier one as follows: " We then said, referring to the plaintiff's claim that the joint will was executed in pursuance of an agreement between the decedent and himself," and then quoted from the opinion: " If such an agreement existed, that fact and its legal results could only be determined by the Supreme Court in an action in equity, and the manner of determination was not to admit a former will to probate, although such former will was the result of a contract between the testator and a third party governing the testamentary disposition of their property, but to sustain the contract, if established by clear and convincing testimony and supported by an adequate consideration and compelling its performance by the heirs of the decedent, or otherwise granting adequate relief."

It seems to me that the authority of the cases referred to is controlling; all of them were decided after the equitable jurisdiction of Surrogates' Courts had been enlarged by the legislation of 1914. Laws of 1914, chap. 443. See also *Morgan* v. *Sanborn*, 225 N. Y. 454.

There is, however, an interesting line of decisions in the second department in addition to those already mentioned; they are referred to in *Matter of Aldrich,* 194 App. Div. 815, where the justice writing for the court speaks of *Matter of Hermann, supra,* and *Matter of Coombs,* 185 App. Div. 312, which do not seem to be in perfect accord, after this fashion: " Perhaps some minds, not over and above acute, might have

Supreme Court, July, 1921.          [Vol. 116.

difficulty in distinguishing the material facts of the latter case from those of the former.''

I have examined all the cases that have been cited, and many others, and I am now satisfied, contrary to my initial impression, that the plaintiffs may maintain this action in equity, and while they may not be entitled to all the relief demanded in the complaint, and in the form demanded, that is no obstacle to their getting the relief to which they are entitled.

The suggestion that plaintiffs have no other status than that of debtors of the estate of Arthur T. Skinner is not entertained; the authorities to which my attention has been called by defendant's counsel, relating to ordinary contract claims against a decedent, do not seem to me to be pertinent. *Reynolds* v. *Robinson,* 64 N. Y. 589; *Leahy* v. *Campbell,* 70 App. Div. 127; *Bair* v. *Hager,* 97 id. 358; *Chambers* v. *Boyd,* 116 id. 208.

Nor is there any affinity between the present case and those where the facts to be adjudicated are necessarily incident to the process of administering an estate and are entirely foreign to any obligation of a decedent. *Matter of Watson,* 215 N. Y. 209; *Matter of Fox,* 166 App. Div. 718; *Matter of Malcomson,* 188 id. 600; *Matter of Neydorff,* 193 id. 531; *Matter of Brady,* 111 Misc. Rep. 492.

The defendant Haines, whose ultimate right as a beneficiary under the will of Arthur T. Skinner is not disputed, has an equal interest with the plaintiffs in this litigation, and from the circumstance that her affidavit was submitted by plaintiffs in support of their position, it may be taken for granted that she is in sympathy with the objects of the action; the defendants Wright have a relatively small interest which is also uncontested; this is in answer to the suggestion that the plaintiffs should not be allowed to

delay administration of that portion of the property to which they make no claim.

It might prove hereafter to be an embarrassment to point out now with precision what I conceive to be the form of relief the plaintiffs deserve; it is enough for our present purpose, that the complaint alleges an agreement, in writing, and fully set forth in the pleading made upon a good consideration by the terms of which the will of Rosabel Skinner was admitted to probate, less as a will than as one of the steps in the performance of the agreement, that the will of 1910 of Arthur T. Skinner was executed in accordance with the same compact and the codicil thereto was in violation of it. The remedy if the contract and its breach be established is enforceable against the estate of Arthur T. Skinner and those claiming, under the codicil to his will of 1910, the property in issue.

The motion to vacate the injunction is denied, with ten dollars costs to the plaintiffs to abide the final award of costs.

Ordered accordingly.