In the Matter of the Estate of JAMES T. O'CONNELL, Deceased.

Surrogate's Court, Chautauqua County, November 21, 1924.

**Surrogate's Court — jurisdiction — execution of will by testator in favor of man and wife in consideration of agreement by them to care for him — execution of prior will leaving property to other parties and probate thereof — remedy of parties who cared for decedent is suit in equity in Supreme Court and not proceeding in Surrogate's Court to set aside first will and probate second will — stipulation by parties and attorneys not sufficient to give Surrogate's Court jurisdiction in equity action.**

Where a decedent made a will devising his property to a man and wife in consideration of their agreement to care for him, but prior thereto had made another will leaving his property to other parties, the remedy of the parties who cared for him is to bring suit in equity in the Supreme Court and not a proceeding in the Surrogate's Court to set aside the first will and probate the second will.

The Surrogate's Court has no jurisdiction of such a proceeding and a stipulation entered into by the parties and their attorneys is not sufficient to give the Surrogate's Court jurisdiction in an equity action.

PETITION of William J. Dorler, individually and as executor of the last will and testament of James T. O'Connell, deceased, and Agnes E. Dorler, his wife, to set aside the probate of an alleged last will and testament of James T. O'Connell, which was made on the 15th day of November, 1920, and probated on or about the 22d day of November, 1922, and to probate the last will and testament of said James T. O'Connell, executed and duly attested on the 10th day of November, 1921.

*Anthony Johnson,* for the petitioner, William J. Dorler.

*Francis S. Stegelske,* for the respondent, Henry Griswold.

REXFORD, S.  Sometime in the month of November, 1921, the decedent, James T. O'Connell, advertised in a local paper, asking for an interview with some one with whom he could make arrangements to take care of him during the remainder of his life.  Pursuant to this advertisement, the petitioner, William J. Dorler, had an interview with the decedent, at which time, he states, an agreement or contract was entered into between the decedent and the petitioner and his wife, wherein and whereby the Dorlers should go to the O'Connell home, furnish board and care for the decedent,

and in return for this the decedent was to make his will in favor of the Dorlers, by the terms of which will he was to leave them all of his property. Pursuant to this contract a will was drawn and executed by the decedent carrying out the provisions of the contract; the petitioner and his wife having moved to the home of the decedent and taken care of him, under said contract, for a period of about one year, at which time the decedent died. The will carrying out the contract was dated the 10th day of November, 1921. Previous to this, and on the 15th day of November, 1920, he had drawn another will, in which he left all of his property to Emma and Henry Griswold. After the decedent's death the will of 1920 was offered, received and admitted to probate, and this proceeding is brought for the purpose of proving the will of 1921, and asking that the will of 1920 be canceled, set aside and revoked, and declared null and void and of no effect, and all the proceedings taken in the probate of said will before this court be stricken from the records, and that the will of 1921 be established as and for the last will and testament of James T. O'Connell, deceased, and the same be admitted to probate as such last will and testament.

At the beginning of the hearing the parties entered into a stipulation that neither party shall, either upon the trial of this action, or upon any appeal therefrom, raise any question as to the jurisdiction of this court. This proceeding is for the probate of the will of 1921, and is the wrong proceeding. This should be an action in equity, and should be brought in the Supreme Court of the state of New York, the Surrogate's Court having no jurisdiction. And the setting aside of the first will and probating of the second will is not the remedy.

*Rochester Trust & Safe Deposit Co.* v. *Brown,* 116 Misc. Rep. 184, 191, quoting from *Adams* v. *Swift,* 169 App. Div. 802, 805, says: " ' It is quite true that upon an application for probate the Surrogate's Court would have no jurisdiction to try out the question of the making and effect of the ante-nuptial agreement or to enforce its provisions. This is because the Surrogate's Court is of limited jurisdiction and has no general equity powers. With the Supreme Court it is different. It has general equity jurisdiction and is the court to which application would necessarily be made to enforce plaintiff's claim.' "

Again, in *Rochester Trust & Safe Deposit Co.* v. *Brown, supra,* quoting from *Matter of Hermann,* 178 App. Div. 182; affd., 222 N. Y. 564, a case in which a man and woman executed joint wills, the court, says (p. 193): " ' If such an agreement existed, that fact and its legal results could only be determined by the Supreme Court in an action in equity, and the manner of determination was not to admit a former

will to probate, although such former will was the result of a contract between the testator and a third party governing the testamentary disposition of their property, but to sustain the contract, if established by clear and convincing testimony and supported by an adequate consideration and compelling its performance by the heirs of the decedent, or otherwise granting adequate relief.' "

And further: " It seems to me that the authority of the cases referred to is controlling; all of them were decided after the equitable jurisdiction of the Surrogates' Courts had been enlarged by the legislation of 1914." See, also, *Hermann* v. *Ludwig*, 186 App. Div. 287.

The quotations above seem to state the law clearly, in this matter. The surrogate has no power to try an equity action and the relief in this case is found only in a court of equity. The stipulation entered into by the parties and their attorneys is not sufficient to give the Surrogate's Court jurisdiction in an equity action.

The proceedings should be dismissed.

An order may enter accordingly.