In the Matter of the Estate of JAMES J. MOORE, Deceased.

Surrogate's Court, Kings County, November 4, 1938.

*Frederick N. Van Zandt,* for J. Richard Kevin, as executor, etc., of Emily Moore, deceased executrix, etc., of James J. Moore, deceased, petitioner.

*Robert P. Weil,* for Vaughn & Company, creditors, objectants.

WINGATE, S.   The extent of the obligation of the fiduciary of a deceased fiduciary to account for the transactions of the latter in respect of the underlying estate is specified in section 257 of the Surrogate's Court Act.   It requires an accounting " for the acts and doings of the decedent, and for the trust property which had come into his possession or into the possession of the decedent."

It was held in *Matter of Walton* (112 App. Div. 176, 180) that an accounting to the extent indicated is compellable by any person interested in the underlying estate.

The statute contemplates two varieties of demonstration in the accounting thus required to be made.   The first is in respect of " the acts and doings of the decedent " fiduciary; the second relates to the receipt of trust property, not only that which has come into the hands of the accounting fiduciary of the deceased fiduciary but also that which has come " into the possession of the decedent " fiduciary.

It is entirely true, as asserted by the accountant, that he may not personally be charged for assets which have not come into his hands.   He is, however, " to account for the acts and doings of the decedent " (*Matter of Walton*, 112 App. Div. 176, 180; *Herbert* v. *Stevenson*, 3 Dem. 236, 238; *Matter of Butler*, 1 Con. 58, 83; *Matter of Fithian*, 44 Hun, 457, 460; *Matter of Denham*, 107 Misc. 71, 75), which, in effect, become his own for the purposes of judicial scrutiny. (*Matter of Morrell*, 154 Misc. 356, 358.)   His position before the court is precisely the same as that which his decedent would have occupied had his letters been revoked, and were he himself accounting.

The account which has been filed herein purports to comply only with the first half of the second of the two required demonstrations.   It recites nothing in respect of the " acts and doings of the decedent " fiduciary, and makes no mention of " the trust property which had come   *   *   *   into the possession of the decedent " fiduciary.

The objections to these omissions are well taken, and the motion for their dismissal will be denied, with costs.

Enter order on notice in conformity herewith.