In the Matter of the Estate of EDITH LOUISE McCONNELL, Deceased.

Surrogate's Court, Franklin County, July 23, 1941.

*Michael J. Larkin* [*William J. Herron* of counsel], for Gerard F. Hubbard, as administrator, etc.

*Alexander & Schwach* [*Louis H. Starikov* of counsel], for William J. Goldbeck, as administrator *c. t. a.*, etc., of Edgar B. McConnell, deceased, petitioner.

CAREY, S. This proceeding was instituted on the petition of William J. Goldbeck, as administrator *c. t. a.* of the estate of Edgar B. McConnell, deceased, as appointed by one of the surrogates of New York county, and on such petition an order was entered directing Gerard F. Hubbard, as administrator of the estate of Edith Louise McConnell, to render and file his account as such administrator.

The account as filed shows a balance of $3,204.38, and in addition 100 shares of stock of the Restmor Realty and Improvement Corporation. The interest of the petitioner, Goldbeck, results from a claim of ownership on behalf of the estate of Edgar B. McConnell to the 100 shares of the corporate stock hereinabove referred to, which had not been allowed by the administrator, and which is not for determination on this proceeding thus far, and by reason of a surcharge in the amount of $2,547.09, together with interest from October 25, 1939.

The aforementioned surcharge was judicially established in an accounting proceeding instituted by Edith Louise McConnell, as executrix of the estate of Edgar B. McConnell, during her lifetime, in the Surrogate's Court of New York county, but not completed at the time of her death, on January 28, 1933. Subsequent to her death, Goldbeck was appointed administrator *c. t. a.* of the estate of Edgar B. McConnell, and the accounting continued. On the 22d day of October, 1938, an order was entered by Surrogate DELEHANTY, directing that Gerard F. Hubbard, as administrator of the goods, chattels and credits of Edith Louise McConnell, deceased, appointed by the surrogate of Franklin county, be made a party to the account of proceedings of said Edith Louise McConnell, as executrix of the last will and testament of Edgar B.

McConnell, deceased, on his petition. Following the finding that the estate of Edith Louise McConnell be surcharged, an appeal was taken on the part of Gerard F. Hubbard, as administrator, to the Appellate Division, First Department, which unanimously affirmed the surcharge.

The only parties interested in the accounting proceeding herein are the administrator, who is the only heir at law and next of kin of the deceased executrix; Alexander LeDecker, a creditor whose claim has been rejected, and who failed to appear on the accounting; and Robert J. Arthur, an attorney of Logansport, Ind., a creditor whose claim in the amount of $550 has been compromised, without objections, by the payment of $150.

To the account filed herein certain objections were interposed by William J. Goldbeck, as administrator *c. t. a.* The first two objections to the account were withdrawn and the other four have been held in abeyance pending the decision of the court on the question as to whether or not the claim of William J. Goldbeck, as administrator *c. t. a.* of the estate of Edgar B. McConnell, as established by the surrogate of New York county as a surcharge directed to be paid by Gerard F. Hubbard, as administrator of the goods, chattels and credits of Edith Louise McConnell in the amount of $2,547.09, from the assets of her estate, as affirmed by the Appellate Division, First Department, is an established general claim to be considered by this court.

It is the claim of William J. Goldbeck, as administrator *c. t. a.*, that by virtue of section 257 of the Surrogate's Court Act, and by the decree of the Surrogate's Court of New York County establishing the surcharge, a valid general claim has been established. The administrator maintains that the Surrogate's Court of New York County had no jurisdiction or authority to direct a surcharge to be payable from the funds of an estate over which another surrogate, namely, that of Franklin county, has jurisdiction, and claims that it is incumbent upon William J. Goldbeck to prove his claim in the Surrogate's Court of Franklin County *de novo.*

Section 257 of the Surrogate's Court Act provides as follows in part: " Where an executor, administrator, guardian or testamentary trustee dies, the Surrogate's Court has the same jurisdiction, upon the petition of any person who would be required to be cited upon a voluntary judicial settlement of his account to compel the executor or administrator of the decedent to account, which it would have against the decedent if his letters had been revoked, or he had been removed, by a surrogate's decree. An executor or administrator of a deceased executor, administrator, guardian, or testamentary trustee may voluntarily account for the acts and doings of the

decedent, and for the trust property which had come into his possession or into the possession of the decedent. On the death of any executor, administrator, guardian or testamentary trustee while an accounting by or against him, as such, is pending before a Surrogate's Court, such court may continue said proceeding where his executor, administrator or successor has voluntarily made himself a party thereto, or has been brought in by a citation to show cause why he should not be made a party, and proceed with such accounting and determine all questions and grant any relief that the surrogate would have power to determine or grant in case such decedent had not died or in a case where the executor or administrator of said last mentioned decedent had voluntarily petitioned for an accounting as provided for in this section."

The surcharge as found in Surrogate's Court of New York County is based upon the finding that moneys to the amount of $2,000 belonging to the decedent were received by the executrix, Edith Louise McConnell, and deposited in her personal account two days after the death of decedent. These were wholly unreported in her account, and the objection made by William J. Goldbeck, as administrator *c. t. a.*, thereto was sustained to the extent of $2,000 with interest from November 30, 1929, to the date of the decree. Unquestionably, the Surrogate's Court of New York County would have jurisdiction to determine that there were funds belonging to the estate under its supervision, which were not accounted for by the executrix or her administrator. Under section 257 of the Surrogate's Court Act, the Surrogate's Court has authority to " determine all questions and grant any relief that the surrogate would have power to determine or grant in case such decedent had not died or in a case where the executor or administrator of said last mentioned decedent had voluntarily petitioned for an accounting as provided for in this section." (See, also, *Matter of Denham*, 107 Misc. 71; *Matter of Morrell*, 154 id. 356; *Matter of Walton*, 112 App. Div. 176.)

Accordingly, the question before the court is limited to a determination as to the manner in which the decree of the surrogate of New York county might be enforced. It would seem that there would be the four following possible methods that might be followed, where the property belonging to the underlying estate was of such a nature as could not be recovered by invoking section 266 of the Surrogate's Court Act.

*First,* by the issuance of a contempt order as against the administrator of the deceased executrix. This method, undoubtedly, should be rejected for, although the administrator of the deceased executrix may be held to account for the acts of the deceased, none

the less as a representative he should not be punished for matters over which he had no control.

The *second* method would be by the issuance of an execution on the decree of the surrogate of New York county, and attachment of funds thereby. This method should also be rejected for the reason that a judgment obtained against a representative, as was this decree, is not entitled to any preference over the other general creditors, and by this method it might result in a granting of a preference to the underlying estate.

The *third* method would be to require the administrator *c. t. a.*, after having obtained a favorable adjudication in New York county as to the surcharge, to institute proceedings *de novo* in Franklin county. This procedure is supported in part by the opinion of Surrogate FOWLER, in *Matter of Denham (supra)* wherein he stated: " It would seem to me, therefore, that the better practice would be to have an executor of a deceased executor account for all of the property of the estate that came into his possession, and if the administrator *c. t. a.* of the original decedent was dissatisfied with such an account, he could then file a claim against the estate of the deceased executor and prove that he received more property than that accounted for by his executor. The entire question of his administration of the estate could then be investigated and passed upon, and a decree entered in such a proceeding would finally determine the rights of the various parties and would be binding upon all of them."

The objections to this procedure are, that it would cause a multiplicity of litigation, and the attendant additional expense; it might result in two diametrically opposed conclusions by two separate courts, which would not promote respect for the administration of the law, and it would ignore the determination of a court having the jurisdiction assumed, namely, that to determine that all the funds belonging to an estate under its supervision had not been accounted for.

The *fourth* method would be to treat the determination as any other judgment obtained against the representative of the deceased executrix    It is argued on behalf of the administrator of the estate of Edith Louise McConnell that to adopt such a method would result in a diminution of the assets of the estate available for distribution to creditors and heirs at law, without their having the opportunity to appear and contest. In the particular case at hand, that question is not present for the creditors of the estate of the deceased fiduciary, other than the administrator *c. t. a.*, Goldbeck, have been disposed of by compromise or by rejection, and the only heir at law and next of kin is the administrator of Edith Louise

McConnell, who had voluntarily made himself a party to the accounting wherein this surcharge was found. But, in any event were there other creditors or heirs at law whose rights might be so affected, the situation would then be no different than if a judgment had been obtained against the representative in any court of law, for there too the other parties interested would have no rights in the action but could only object to the judgment and ask for a surcharge as against the administrator if the judgment were obtained because of his negligence or through fraud or collusion, and this remedy would be available to the creditors as against a decree of the surrogate having jurisdiction of the underlying estate. As stated in section 2769 of 4 Butler, New York Surrogate Law and Practice, " these obligations relate to his [executor or administrator of a deceased fiduciary] duty to account, first for any assets of the underlying estate which may have come into his hands as the executor or administrator of a deceased fiduciary; and second, for the acts which the deceased fiduciary himself performed prior to his demise in his administration of, or dealings with, the assets of the underlying estate." (See *Matter of Moore*, 169 Misc. 336; *Matter of Walton, supra.*) This fourth method is the one which will be adopted by this court, for it recognizes the two obligations imposed upon the representative of a deceased fiduciary; it avoids multiplicity of litigation; it respects the adjudication of the other court, and it protects the rights of creditors and heirs at law as against such a decree to an extent equal to that in which their rights are protected against any judgment against the fiduciary.

The costs in the amount of $90.27 allowed by Surrogate DELE-HANTY, and which were the subject of the sixth objection to the account filed herein, will be considered in the same category as the surcharge, *i. e.*, as a general claim against the estate, and the sixth objection to the account as filed is, accordingly, sustained.

Submit decree accordingly, and the question of costs on this proceeding will be held in abeyance pending the final decree on the accounting.