In the Matter of the Accounting of ISAAC M. ROTHENBERG et al., as Executors of ANTONETTA DI BERARDINI, Deceased Administratrix of the Estate of ORESTI DI BERARDINI, Deceased.

Surrogate's Court, Kings County, January 15, 1951.

*Isaac M. Rothenberg,* petitioner in person and for Joseph P. Oliva, petitioner, as executors.

RUBENSTEIN, S. In this accounting for the acts of the deceased administratrix, her executors have presented an application to sell the real estate of the decedent.

It is the contention of the petitioning executors that the authority granted to the representatives of a deceased fiduciary pursuant to section 257 of the Surrogate's Court Act, as amended, includes the right of such representatives to petition the court to sell the real estate of the decedent pursuant to sction 234 of the Surrogate's Court Act.

The several authorities cited on behalf of the accountant's position concern themselves primarily with the question of payment and distribution of the assets which have come into the possession of the representative of the deceased fiduciary. *Matter of Luckenbach* (267 App. Div. 275, affd. 292 N. Y. 674) is not presently applicable in view of the amendment to section 168 of the Surrogate's Court Act, in 1945. (L. 1945, ch. 517, § 5.)

In *Matter of Hogeboom* (219 App. Div. 131, 135) the court in construing the provisions of section 257 wrote, " Thus the accounting executor is in no wise the representative of the estate of which his testator was the executor. He is merely the temporary custodian of the property of that estate which has come into his possession (*Matter of Hayden*, 204 N. Y. 330, 338). He has no power of administration (Decedent Estate Law, § 121, as added by Laws of 1909, chap. 240; *Matter of Duncan*, 181 App. Div. 91) ". (See, also, *Matter of Fox*, 104 Misc. 43.)

Under the provisions of section 236 of the Surrogate's Court Act proceedings to sell real estate of a decedent may be initiated by an executor, administrator or by any person interested. As pointed out in *Matter of Hogeboom* (*supra*) the petitioners are " in no wise the representative of the estate " and they do not come within the definition of " persons interested " (Surrogate's Ct. Act, § 314).

It is, therefore, the conclusion of the court that the representative of the deceased fiduciary is not a proper party to commence proceedings to sell the real estate of the decedent; consequently the petition is dismissed.

Proceed accordingly.